[Civ. No. 5318.   First Appellate District, Division One.—October 13, 1926.]

## PEARLE H. JARRETT, Respondent, v. E. C. REDMAN et al., Defendants; A. C. COONEY, Appellant.

[1] APPEAL — JUSTICE'S COURT — JUDGMENTS — PRESUMPTIONS AS TO VALIDITY—EVIDENCE—CONSTRUCTION OF FINDINGS.—Upon appeal on the judgment-roll alone from a judgment of the superior court declaring a judgment of a justice's court void, there being no showing that evidence was presented to show the judgment of the justice's court valid, all intendments must be indulged in support of the judgment appealed from and the findings so construed as to support the judgment, and any uncertainty will be construed to uphold rather than to defeat it.

[2] JUSTICE'S COURT—JUDGMENTS—JURISDICTIONAL FACTS—BURDEN OF PROOF.—The jurisdiction of justices' courts is special and limited and their judgments do not of themselves import verity, but a party asserting a right under a judgment rendered in such courts must affirmatively show every fact necessary to confer jurisdiction.

(1) 4 **C. J.**, p. 735, n. 25, p. 775, n. 26, p. 787, n. 47.   (2) 35 **C. J.**, p. 488, n. 31, p. 489, n. 32.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Leslie R. Hewitt, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Claire T. Van Etten for Appellant.

James McLachlan for Respondent.

TYLER, P. J.—Appeal from a judgment declaring void a justice's court judgment.

The facts are as follows: Defendant E. C. Redman executed a certain mortgage to secure the payment of a promissory note given to one Norma G. Tucker for the sum of three thousand dollars.  The note was subsequently assigned to plaintiff Pearle H. Jarrett, said assignment being duly recorded January 3, 1914.  On December 20, 1916, plaintiff and the mortgagor entered into a written agree-

2.   See 15 **Cal. Jur.** 503; 16 **R. C. L.** 390.

ment extending the time of payment of the note for the period of three years. On the eighth day of May, 1922, foreclosure proceedings were instituted to recover the balance due upon the note and appellant Cooney was joined as a defendant, it being alleged that he claimed an interest in the mortgaged property. By way of answer Cooney alleged that he had a lien upon the mortgaged property by virtue of a judgment in his favor duly given and made by a justice's court in Long Beach township against the mortgagor Redman, an abstract of which judgment was recorded in the county of Los Angeles on January 20, 1919. As a further and affirmative defense Cooney pleaded the statute of limitations, alleging that the mortgage was more than four years past due when his abstract of judgment was recorded and became a lien upon the property, and that as to him plaintiff's cause of action was barred by the provisions of section 337 of the Code of Civil Procedure, and his lien of mortgage extinguished. He prayed that his alleged judgment lien be determined to be prior and superior to the mortgage of the plaintiff herein, and upon the sale of the mortgaged property the proceeds arising therefrom be first applied in payment and satisfaction of his lien before the application of any of said proceeds be made in satisfaction of plaintiff's mortgage. Two issues were thus presented for determination; first, as to the existence of appellant's justice court judgment and the lien thereof, and, second, as to the priority of such lien over plaintiff's mortgage. Trial was had and the court found that the alleged judgment obtained by Cooney in the justice's court of Long Beach in his favor and against the mortgagor Redman was null and void, and that he take nothing in the action. This finding disposed of the question of the priority of appellant's lien and no finding was made thereon. Judgment was accordingly rendered in favor of plaintiff and against Redman in the sum of $4,723.21, and the mortgaged property was ordered sold to pay such judgment. Defendant Cooney appeals. On his behalf it is claimed that the findings of fact and conclusions of law are insufficient to support the judgment invalidating the justice's court judgment held by appellant. The sole question here presented, therefore, is the sufficiency of the findings of fact to support the judgment. The findings in substance recite that the complaint filed by the

defendant Cooney in the justice's court of the township of Long Beach against defendant Redman contains no allegation that Redman resided in Long Beach, or that the contract upon which the complaint was based was contracted to be performed in such township or was incurred therein, or that the defendant Redman was a nonresident of the county of Los Angeles or of the state of California, or is there any other allegation in the complaint or averment in any documents filed with the justice of the peace upon which the said justice issued the summons in said action in said justice's court that brought the case within any of the requirements of section 832 of the Code of Civil Procedure necessary to confer jurisdiction upon said justice or authorize him to issue a summons from said justice's court. That the summons of said justice's court was served upon the defendant Redman, in the township of Los Angeles; that the alleged judgment set forth in the answer of defendant Cooney as having been secured in the justice's court of Long Beach township against Redman was null and void for want of jurisdiction of said court.

[1] In support of his contention as to the insufficiency of the findings to sustain the judgment invalidating the justice's court judgment, appellant claims that it is apparent therefrom that the trial court rendered judgment against him upon the theory that the justice's court judgment was void because of the fact that the documents upon which the justice of the peace issued the summons contained no jurisdictional averments; and because the summons was served in Los Angeles township. We do not so construe them. They clearly state that the Long Beach justice's court had no jurisdiction to render the judgment in question and that it was null and void. Appellant had a right at the trial to introduce evidence showing that the justice's court had jurisdiction. Whether he did so or not we have no means of knowing, for this appeal is taken on the judgment-roll alone. Under such circumstances all intendments must be indulged in support of the judgment appealed from and findings should be so construed as to support the judgment, and any uncertainty will be construed to uphold rather than defeat it. (*Breeze* v. *Brooks,* 97 Cal. 72 [22 L. R. A. 257, 31 Pac. 742]; *Krasky* v. *Woolpert,* 134 Cal. 338 [66 Pac. 309].)

[2]   The judgment itself did not import verity.   The rule is elementary that the jurisdiction of the justices' courts is special and limited.   The law presumes nothing in favor of their jurisdiction and a party who asserts a right under a judgment rendered in such court must affirmatively show every fact necessary to confer jurisdiction.   (*Estate of Sharon,* 179 Cal. 447 [177 Pac. 283] ; 15 Cal. Jur., p. 503.) Here there is no evidence before us that such a showing was made.   On the contrary, the findings indicate that there was evidence showing a lack of jurisdiction, and that the judgment was, therefore, null and void.   We see no merit in the appeal.

The judgment is affirmed.

Campbell, J., *pro tem.,* and Knight, J., concurred.