[Civ. No. 5788. First Appellate District, Division Two.—April 8, 1927.]

WALTER M. WILLETT et al., Appellants, v. SCHMEI-SER MANUFACTURING COMPANY (a Corporation) et al., Respondents.

[1] PLEADING—ACTION FOR MONEY LOANED—JOINT DEFENDANTS——INDIVIDUAL COUNTERCLAIM.—In this action against two defendants to recover a judgment for moneys loaned, where it was not clear that plaintiffs' complaint charged the defendants jointly, the trial court did not err in overruling plaintiffs' demurrer to the counterclaim of one of the defendants, who answered separately, pleading a claim solely in favor of said defendant; but, conceding that the complaint did charge the defendants jointly, said ruling was without prejudice, where on the trial, and after hearing the evidence, the trial court determined that plaintiffs' cause of action was for money loaned to the defendant setting up said counterclaim, and that plaintiffs had not loaned any money to the other defendants.

[2] ID.—FINDINGS—APPEAL ON JUDGMENT-ROLL—PRESUMPTIONS—EVIDENCE.—Where the trial court in said action finds in favor of the plaintiffs on their causes of action against the defendant setting up such counterclaim, and in favor of said defendant and against plaintiffs on such counterclaim, and in favor of the other defendant as to plaintiffs' alleged causes of action, and judgment is entered accordingly, and plaintiffs appeal on the judgment-roll alone, their contention that the trial court failed to make certain findings cannot be sustained, as it will be presumed in favor of the judgment that no evidence was introduced which would have sustained the findings which the plaintiffs claim should have been made.

[3] ID.—FINDINGS OUTSIDE ISSUES—APPEAL—INFERENCES.—In such action, where the counterclaim alleges that within two years prior to June 12, 1922 (the date the action was commenced), the defendant sold and delivered to the plaintiffs one leveler for the agreed price of $1,085 to be paid for in cash nine days after trial had, that the trial was had more than sixty days before June 13, 1922, that the price has not been paid and is now due and payable, and the findings of the trial court are that on or about January 27, 1922, defendant sold and delivered to the plaintiffs one leveler for the agreed price of $1,085, that plaintiffs accepted delivery on March 1, 1922 (that is, on that date a satisfactory trial had been completed and the term of credit expired), that the purchase

2.   See 2 Cal. Jur. 690, 872.

price became due and payable March 1, 1922, and judgment is entered accordingly, and the appeal is on the judgment-roll alone, the appellate court will not draw from the facts so found an inference other than such as to support the judgment, and it will not be held that the trial court made findings outside the issues.

[4] ID. — PLEADINGS — FINDINGS — VARIANCE — APPEAL—INSUFFICIENT RECORD.—In such action, if the plaintiffs would claim on appeal that the findings improperly contradict the pleadings, they should bring up the evidence that the appellate court may see whether any errors were committed.

[5] ID.—DATE OF SALE AND DELIVERY—FINDINGS.—In such action, findings by the trial court that two certain levelers were "sold and delivered" January 17, 1922, and January 27, 1922, respectively, and that "plaintiffs accepted delivery" of the levelers on March 1, 1922, while not clear as to the date of delivery, are not contradictory.

[6] ID.— DELIVERY BEFORE FILING OF COUNTERCLAIM — FINDINGS — JUDGMENT.—In such action, where the trial court finds that certain articles were sold and delivered by defendant to plaintiffs "within two years last past," the language thus used is referable to the date of the filing of the complaint, not to the date the findings are signed, and the appeal is on the judgment-roll alone, there is no merit in the contention that the findings do not support the judgment, in that they do not show a delivery before the filing of the counterclaim.

[7] ID.—INTEREST—DEMAND FOR PAYMENT—FILING OF COUNTERCLAIM —FINDINGS—ERROR WITHOUT PREJUDICE.—In such action, the filing of defendant's counterclaim on June 30, 1922, constituted a sufficient demand to start the running of interest; and, conceding that the trial court erred in finding that the price of the levelers sued for in said counterclaim was "due and owing" on March 1, 1922, plaintiffs were not prejudiced thereby where the amount of the judgment against them and in favor of defendant was less than it should have been, even though the interest be correctly computed from the date of filing of said counterclaim.

(1) 4 C. J., p. 936, n. 79; 34 Cyc., p. 728, n. 22.   (2) 4 C. J., p. 779, n. 84.   (3) 4 C. J., p. 194, n. 11, p. 778, n. 75, p. 1059, n. 1; 38 Cyc., p. 1972, n. 11.   (4) 4 C. J., p. 548, n. 91.   (5) 35 Cyc., p. 579, n. 22.   (7) 33 C. J., p. 236, n. 52; 34 Cyc., p. 758, n. 64.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Thomas F. Graham, Judge. Affirmed.

7.   See 14 Cal. Jur. 678; 22 Cal. Jur. 1094.

The facts are stated in the opinion of the court.

A. C. Lowell for Appellants.

Grant & Bailey for Respondents.

STURTEVANT, J.—The plaintiffs commenced an action to recover a judgment for moneys loaned. The defendants appeared separately and answered. The Schmeiser Manufacturing Company in its answer set up a counterclaim in three different counts. A trial was had before the trial court sitting without a jury. Findings were made in favor of the plaintiffs on their two separate causes of action, and in favor of the defendant the Schmeiser Manufacturing Company on its counterclaim, and against the plaintiffs and in favor of the defendant T. G. Schmeiser. A judgment was entered in accordance with the findings and the plaintiffs have appealed on the judgment-roll. The appellants enumerate sixteen alleged errors. They may be classified as follows: (1) That the trial court erred in overruling their demurrer to the counterclaim of the defendant corporation; (2) in failing to make certain findings; (3) that it made certain findings outside of the issues; (4) that certain findings contradicted the pleadings; (5) that certain findings are conflicting; (6) that the findings do not support the judgment, and (7) that the judgment in favor of the Schmeiser Manufacturing Company should not have included interest prior to the date of the filing of the counterclaim by that company. We will discuss the several points as classified by us in the order stated.

[1] The plaintiffs assert that their complaint was an action by them charging the defendants jointly. They assert that the counterclaim was for a claim solely in favor of the company and as such that it was not permissible because it did not run in favor of both defendants. It is not at all clear that plaintiffs' complaint charged the defendants jointly. Conceding, solely for the purposes of this decision, that it did and that the trial court erred in overruling the demurrer interposed by the plaintiffs, the alleged error was without prejudice. As will hereinafter appear, on the trial, and after hearing the evidence, the trial court reached the conclusion that T. G. Schmeiser was not loaned any moneys

by the plaintiffs and that it was the company and not T. G. Schmeiser that sold the plaintiffs the goods, wares, and merchandise which were the basis of the counterclaim. Therefore, the action was one in which the counterclaim was permissible. (Code Civ. Proc., sec. 438; *Roberts* v. *Donovan*, 70 Cal. 108, 114 [9 Pac. 180, 11 Pac. 599].)

[2] The alleged errors to the effect that the trial court failed to make certain findings cannot be sustained on this appeal. As recited above, the appeal is based on the judgment-roll. On such a record it will be presumed in favor of the judgment that no evidence was introduced which would have sustained the findings which the plaintiffs claim should have been made.

[3] The appellants claim that the trial court made findings outside of the issues. We think it did not do so. The record is not a model, but it can be understood. The counterclaim in legal effect alleges: "That within two years prior to June 12, 1922 (the date the action was commenced), the defendant sold and delivered to the plaintiffs one leveler for the agreed price of $1,085 to be paid for in cash nine days after trial had; that the trial was had more than sixty days before June 13, 1922; that the price has not been paid and is now due and payable."

On those subjects the findings are: That on or about January 27, 1922, defendant Schmeiser Manufacturing Company sold and delivered to the plaintiffs one leveler for the agreed price of $1,085; that plaintiffs accepted delivery on March 1, 1922 (that is, on that date a satisfactory trial had been completed and the term of credit expired); that the purchase price became due and payable March 1, 1922.

A similar set of facts is presented as to the other leveler. Similar reasoning is applicable.

As to this branch of the case the rule to be followed is stated as follows: "The findings of the trial court are to receive such a construction as will uphold rather than defeat its judgment thereon, and whenever, from the facts found by it, other facts may be inferred which will support the judgment, such inference will be deemed to have been made by the trial court, and upon an appeal from that judgment this court will not draw from those facts any inference of fact contrary to that which may have been drawn by the trial court for the purpose of rendering such judgment."

(*Breeze* v. *Brooks,* 97 Cal. 72, 77 [22 L. R. A. 257, 31 Pac. 742].) If we have erred in the foregoing reasoning the error rests in this that the date of acceptance is a term narrower than we have used and that the trial court should have made a finding giving the plaintiffs an allowance, as for a term of credit, of nine days on the ten-foot leveler and two weeks on the other leveler. To that suggestion there are two answers. In the first place, on the record before us we do not know that there was any evidence produced showing any term of credit. In the second place, assuming that the trial court erred when it found that the date of acceptance and the due date coincided and that the plaintiffs should have been allowed the terms of credit as pleaded, then the fact would be that the plaintiffs have, by such findings been deprived of interest for a maximum period of two weeks on $1,100 (the amount of their loans) at seven per cent, or a total sum of not to exceed $3.25. However, as we shall presently see, they were given a judgment that was nearly $50 more favorable to them than it should have been and they have not been prejudiced by the error.

[4] The plaintiffs claim that certain findings contradicted the pleadings. That is frequently true. However, if a party would claim that the findings improperly contradicted the pleadings that party should bring up the evidence that a court of review can see whether any errors were committed.

[5] The plaintiffs call to our attention the fact that, as to the levelers, the trial court found that they were "sold and delivered," January 17, 1922, and January 27, 1922, respectively. They then note that it also found that "plaintiffs accepted delivery" of the levelers on March 1, 1922. Thereupon they argue that the findings are contradictory. That does not necessarily follow. The findings may not be clear as to the date of delivery, but they are not contradictory.

[6] The same condition of the pleadings and of the findings exist as to the remaining implements which are the subject matter of the counterclaim. However, the plaintiffs attack the findings as to the sales of those implements as insufficient to support the judgment. The findings as to the items mentioned in finding number five and finding

number six are framed in the same form. Each one is "that within two years last past the defendant Schmeiser Manufacturing Company sold and delivered (naming articles). That plaintiff accepted delivery of (naming articles) on or about May 1, 1922. . . . " The complaint was filed June 12, 1922. The findings were signed December 20, 1923. The plaintiffs contend that the foregoing record does not show a delivery before the filing of the counterclaim. It certainly does. The language used was referable to the date of the filing of the complaint—not to the date the findings were signed. (*Metropolis etc. Sav. Bank* v. *Barnet*, 165 Cal. 449, 453 [132 Pac. 833].)

[7] This brings us to the point last discussed in the briefs. How was the item of interest to be computed? In the first place there is an old rule which must be borne in mind and then there is a new rule which must also be borne in mind. The old rule is as follows: "The claim of the debtor not bearing interest, should be set off against that of the creditor drawing interest, as of the date of the time it became due and owing." (Waterman on Setoff, 2d ed., sec. 663.) As found by the trial court, the two loans of the plaintiffs, $100 made February 27, 1922, and $1,000 made March 1, 1922, each bore interest at seven per cent. As found by the trial court, the price on each leveler was "due and owing" on March 1, 1922. The total was $2,085. On the date last mentioned the amount of the loans made by the plaintiffs, principal and interest, was $1,100.06. The difference between those totals was $984.94. Until demand made by it the defendant was not entitled to interest. (Stats. 1919, p. lxxxvii, sec. 1.) However, the filing of its counterclaim constituted a demand as of the date it was filed, June 30, 1922. (*Burks* v. *Weast*, 67 Cal. App. 745, 752 [228 Pac. 541].) On that date there was due defendant $984.94, the balance above mentioned, and also the cost of the other implements included in the counterclaim, $1,950, or the total sum of $2,934.94. The findings were signed December 20, 1923. The interest, on the balance due, $2,934.94, at seven per cent for the period elapsing between the date the counterclaim was filed and the date of the findings, would be $302.44, and the total amount of principal and interest would be $3,237.38. However, the trial court allowed the

defendant only $3,191.76. The judgment was more favorable to the appellants than the record warranted.

We find no prejudicial error in the record. The judgment is affirmed.

Koford, P. J., and Nourse, J., concurred.