[Civ. No. 5151. Second Appellate District, Division Two.—June 1, 1928.]

JOHN O. HALEY, etc., Appellant, v. WILLIAM I. TRAEGER, as Sheriff, etc., Respondent.

Edward Winterer for Appellant.

E'verett W. Mattoon, County Counsel, Meserve & Meserve, Clifford E. Hughes and Timon E. Owens for Respondent.

HAZLETT, J., *pro tem.*—This is an action in claim and delivery. Defendant, as sheriff of Los Angeles County, had seized the personal property in question as the property of one J. E. Lange, under a writ of attachment in an action

brought by Richfield Oil Company against Lange. Plaintiff, claiming to be the owner of the property, demanded that defendant deliver it to him, and his demand being refused brought this action, and by means of this action obtained possession of the property from defendant. Judgment was given in favor of defendant requiring that plaintiff return the property to defendant or that plaintiff pay defendant $944.20 as the value of the interest of Lange in the property, and plaintiff appeals upon the judgment-roll alone.

The court found that certain described portions of the property were owned outright by Lange and that the remainder were being purchased by him under executory agreements of sale. Appellant contends that there is no finding of the value of Lange's interest in the portions of the property he was purchasing under the agreements. Finding VII of the findings of facts is in part as follows: "That for some months prior to May 24, 1923, and up to the 29th day of May, 1923, and the time of taking of said property under attachment as hereinafter set out, said above described property except as hereinafter set out, was owned by, and the same was lawfully in the possession of and under the control of one J. E. Lange; that on said 29th day of May, 1923, and at the time of the commencement of this action, the Paramount Service Station, described in paragraph IV of the amended complaint, together with all the appliances and equipment used and incidental thereto, together with the reasonable value thereof was as follows: (Here follows an itemized list of all the property, showing the reasonable value of each item, totaling $2,979.45.)

Finding VIII describes those particular items of the property listed in Finding VII which Lange was purchasing under the agreements, and finds that Lange had paid $370 of the purchase price thereof, but the values of those items so being purchased were not repeated in Finding XIII. By simple calculation from the figures as to values found and set out in Finding VII it is readily determined that the value of the portions of the property Lange owned outright was $574.20, and that the whole value of the remaining portions he was purchasing under the agreements was $2,405.25, on the day the attachment was levied.

We find erroneously placed in the conclusions of law a finding of the value of Lange's interest in all of the property as follows: "Defendant is entitled to judgment . . . for the return of all the following described property: (Here follows an itemized description of all the property) or the value of the interest of J. E. Lange therein, to-wit: nine hundred and forty-four and 20/100 ($944.20) dollars, . . ." Therefore, the value of Lange's interest in all of the property was clearly found. ▆ The fact that a finding may be mistakenly placed in the conclusions of law does not prevent it from being considered and treated as a finding of fact, and our courts have uniformly held that it will be so treated. (*Matter of Forrester*, 162 Cal. 493, 495 [123 Pac. 283]; *Collins* v. *Ramish*, 182 Cal. 360, 366 [188 Pac. 550]; *Stanward* v. *Yellow Taxicab Co.*, 75 Cal. App. 96, 102 [241 Pac. 902]; 24 Cal. Jur. 961.)

▆ The amount Lange actually paid on the purchase prices of the portions of the property he was buying under the agreements was some evidence of the value of his interest in the property. It is proper to consider the sum actually paid for property in arriving at its value. (*Otten* v. *Spreckels*, 24 Cal. App. 251, 261 [141 Pac. 224].) ▆ The findings clearly determine that the value of Lange's interest in the portions he was purchasing was $370—the amount he had paid under the agreements of purchase. This is the difference between the value of the portions he owned outright ($574.20) and the value of all his interests in the property ($944.20). There is no merit in the contention made by appellant.

▆ Appellant also contends that there is no finding of the value of Lange's interest in the portions he owned outright on the day of the levy of attachment. There is no merit in this contention for the reason that Finding VII determines that those items were of the value of $574.20 "at the time of the taking of said property under attachment" (all of the property, including those portions), and it is found in Finding IX that the attachment was levied on or about the twenty-ninth day of May, 1923.

▆ Appellant asserts that Richfield Oil Company, through the levy of the writ of attachment, could secure a lien only on the interest which Lange had in the attached property on the date of the attachment, and contends that

the company acquired no lien whatever on any interest Lange acquired in the property after the levy. Apparently he bases this contention on the fact that the court did not expressly find that the sum of $370 was paid or was all paid before the levy. However, when an appeal is taken on the judgment-roll alone, which is the case here, "All intendments must be indulged in support of the judgment appealed from and findings shall be so construed as to support the judgment, and any uncertainty will be construed to uphold rather than defeat it." (*Jarret* v. *Redman*, 79 Cal. App. 482 [250 Pac. 183]; *Willett* v. *Schmeiser Mfg. Co.*, 82 Cal. App. 249 [255 Pac. 529]; *Booth* v. *Friedman*, 82 Cal. App. 174 [255 Pac. 222]). "And if from the facts found other facts may be inferred which will support the judgment it will be assumed that the trial court made such inferences." (*Smith* v. *Armstrong*, 85 Cal. App. 624 [260 Pac. 347].) The findings are such that it is very apparent the trial court properly assumed that the $370 was all paid by Lange before the levy of the attachment. The latter contention is likewise without merit.

Appellant also contends that the judgment erroneously requires the return of certain automobile tires not described in the amended complaint. The amended complaint and the answer thereto describe the property in question as "That certain gasoline and oil station (giving its location) known and designated as the Paramount Station consisting of (here listing items of personal property) together with all other appliances and equipment of and for said Paramount Station and used with and incidental thereto, including 530 gallons of gasoline." But no automobile tires were therein listed. The findings include 22 Firestone automobile tires of the value of $300 among the items of the property which the court found were owned by and in the possession of Lange at the time of the levy of attachment and seized by defendant under the writ and taken from defendant in this action. It is apparent that the tires, like the gasoline, were treated and considered as a part of the equipment of the station, and having taken the tires from defendant in and by reason of this action plaintiff is not in a position to retain the tires. His contention that they were improperly included among the items of the property he was ordered to return is not well taken.

In his reply brief, for the first time, appellant makes the additional contention that "The findings do not support the judgment for $944.20, or in any other sum, because there is no finding of any indebtedness existing or owing by said J. E. Lange to said Richfield Oil Co., at the time of the attachment or at any other time." All the points which an appellant desired to urge for a reversal should have been presented in his opening brief, and unless good reason is shown why the points were not made in the opening brief, we are not required to look with favor upon a point so made. Such practice is not fair to a respondent, and tends to delay final disposition of appeals. Therefore the courts of appeal may properly consider the points as waived which are not presented in the opening brief. (*Hibernia Savings & Loan Society* v. *Farnham,* 153 Cal. 578, 584 [126 Am. St. Rep. 129, 96 Pac. 9]; *Burns* v. *Ross,* 190 Cal. 269, 275 [212 Pac. 17]; *Philbrook* v. *Randall,* 195 Cal. 95, 104 [231 Pac. 739]; *California National Supply Co.* v. *O'Brien,* 51 Cal. App. 606, 612 [197 Pac. 414].) No showing is made by appellant in this appeal why the point he urges in his reply brief was not presented in his opening brief and respondent given an opportunity to answer it. Therefore, we are not required to consider the point.

The judgment is affirmed.

Works, P. J., and Thompson, J., concurred.