No. 18,967.

WILLIAM F. LARRICK, INC., ET AL. *v.*
BURT CHEVROLET, INC.
(362 P. [2d] 1030)

Decided June 26, 1961.

Messrs. BANNISTER, WELLER AND FRIEDRICH, Mr. JOHN R. HICKISH, Mr. WILLIAM W. HAZLETT, Messrs. LEE, SHIVERS AND BANTA, for plaintiff in error William F. Larrick, Inc.

Messrs. YEGGE, BATES, HALL AND SHULENBURG, Mr. RAYMOND J. CONNELL, for plaintiffs in error Strobel Plumbing & Heating Company and Joe T. Strobel.

Mr. RICHARD H. SIMON, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE HALL.

IN the early part of 1955 defendant in error Burt Chevrolet, Inc., herein referred to as "Burt," entered into an oral agreement with plaintiff in error William F. Larrick, Inc., herein referred to as "Larrick," whereby Larrick agreed to build an addition to the body shop and to add a second story to the main shop of the service garage building then owned and occupied by Burt. Larrick was to do all the work and purchase all of the ma-

terials, for which he was to receive the cost of all labor and materials plus 10%.

As the work progressed it became necessary to install an I-beam to carry weight of the second story. In order to install this I-beam several steam pipes connected with the heating plant in said garage had to be cut and relocated.

Larrick employed the plaintiff in error Strobel Plumbing and Heating Company, herein referred to as "Strobel Co.," to do the plumbing work and to make the changes in the heating system required in order to install the I-beam. The plaintiff in error Joe T. Strobel, herein referred to as "Strobel," was the president of Strobel Co.; he was a master plumber, but was inexperienced and unqualified as a steam fitter.

On March 30, 1955, Strobel, acting under instructions from Larrick, shut off the gas to the boiler, drained the same, cut out a section of pipe that had to be removed, and installed a gate valve so that the heating system could again function. He then entirely filled the boiler with water and undertook to light the gas burners under the boiler, but was able to light the burners on one side of the boiler only.

The following morning it was discovered that the boiler was entirely dry and extensively damaged as a result of "dry firing."

On November 30, 1955, Burt commenced this action naming as defendants Larrick and Strobel Co., charging Larrick as the contractor and Strobel Co. as Larrick's employee and servant with negligence which caused the damage to the boiler.

Strobel Co. filed its answer wherein it admitted it was an employee of Larrick and denied any negligence on its part. Larrick, permission of court having been obtained, made Strobel a third party defendant, charging him with negligence and demanding judgment against him for any amount that might be awarded to Burt against Larrick.

Larrick also filed its answer wherein it denied negligence, and filed its cross claim against Strobel Co. alleging that Strobel Co. was the subcontractor on the plumbing work, and that Larrick should have judgment against Strobel Co. for any amount awarded to Burt against Larrick; it also filed a counterclaim against Burt for $3609.97, the undisputed balance due on the contract, plus interest thereon from May 13, 1955, the date of the first demand therefor.

To this counterclaim Burt filed its reply admitting that said sum of $3609.97 was due under its agreement with Larrick and would have been paid to Larrick except for its negligence and failure to reimburse Burt for the amount of its loss due to its negligence.

Strobel filed his answer to the third party complaint of Larrick, wherein he denied any negligence on his part.

Trial was to the court, at the close of which and after hearing arguments on November 7, 1958, the trial judge made many informal remarks and observations with reference to the facts as disclosed by the evidence and also the law. At that time the court ordered that the third party complaint against Strobel be dismissed. In addition, the court made informal and formal findings to the effect that Burt should have judgment on its complaint against Larrick and Strobel Co. for the amount of $3573.00; that Larrick should have judgment against Burt on its counterclaim for money due under the contract in the sum of $3609.97, together with interest thereon from May 30, 1955. Judgment was entered pursuant to the findings.

On November 10, 1958, further argument was had on the cross claim of Larrick against Strobel Co. for indemnity against the judgment awarded Burt against Larrick.

The trial judge then announced that:

" * * * Cross Claim and right of indemnity of * * * Larrick * * * against * * * Strobel * * * be allowed, but

that Court reserves right to change its ruling if in error; * * * "

Subsequently, and on November 12, 1958, the court, without further hearing or argument, entered formal FINDINGS OF FACT, CONCLUSIONS OF LAW, ORDER and JUDGMENT, in which it is recited that the same supersede and rescind all other orders in this particular phase of the case. The court found that Larrick employed Strobel Co. as its agent and that Strobel Co. was so acting in working on the boiler and that Larrick and Strobel were active joint tort-feasers and therefore the claim of Larrick for contribution or indemnity from Strobel Co. should be denied.

Larrick and Strobel Co. are here by writ of error, both contending that there was insufficient evidence to support the findings of negligence on the part of either of them.

Larrick also contends that it was error for the trial court to have denied its claim for indemnity from Strobel Co.

The evidence amply supports several of the trial court's informal findings or observations that are not incorporated in the formal findings and judgment, notably that Strobel Co., though a corporation, was only a device to hide the employee-employer relationship for the benefit of the corporation, and that Larrick controlled every action of Strobel Co. in its work being done at Burts.

The evidence shows that Strobel was wholly unqualified to do the job which he undertook to do, that it was due to his lack of qualifications, ineptness and negligence in (1) overfilling the boiler, (2) leaving the drain valve open, and (3) failure to use the automatic controls, that caused the boiler to be dry fired and damaged. The informal findings of negligence on the part of Larrick and Strobel are well supported and form a proper basis for entry of the judgment in favor of Burt against Larrick and Strobel Co.

In addition to finding Larrick and Strobel guilty of negligence, the trial judge made the following finding:

"The Court finds that William F. Larrick, Inc. was a general contractor who hired Strobel Plumbing and Heating Co., an independent contractor, to do certain plumbing work. The Court finds,. however, — and the facts adequately support this conclusion — that William F. Larrick, Inc. actually employed Strobel Plumbing and Heating Co. on this particular job not as an independent contractor but rather as its agent. *It directed, it controlled, it participated, it managed, it paid Strobel Plumbing and Heating Co. and its agent Joe T. Strobel for the work performed.* In fact, the testimony further reveals that Joe T. Strobel when not doing his regular work as a plumbing and heating man did other servile tasks not reasonably related to that of independent contractor in his profession." (Emphasis supplied.)

The foregoing is amply supported by the record before us. Notwithstanding the employer-employee relationship between Larrick and Strobel as shown by the pleadings and evidence and found by the court, the further finding that Larrick actively supervised and participated in the acts resulting in the damage, precludes application of the rule which would allow Larrick to obtain indemnification from Strobel were his liability based solely upon the doctrine of respondeat superior. *Hamm v. Thompson,* 143 Colo. 298, 353 P. (2d) 73.

Larrick and Strobel being in pari delicto, or joint tort-feasors, neither is entitled to indemnity from the other.

The general rule is stated in 42 C.J.S. 604, Indemnity, §27:

"As a general rule one compelled to pay damages for the negligent or tortious act of another is not entitled to indemnity from the latter where both parties are joint tort-feasors or in pari delicto."

The facts as disclosed by the record before us and as found by the trial judge bring this case within the gen-

eral rule and the judgment of the trial court denying Larrick indemnity against Strobel Co. is correct.

█ The trial judge, on January 19, 1959, without notice entered an order providing for the filing of an indemnity bond by Burt which was conditioned for stopping the accrual of interest on the judgment against Burt pending on appeal. This order was erroneous and void. The trial judge indicated he had committed error in so doing and would set the same aside and correctly held he had no jurisdiction to do so after writ of error had issued out of this court.

In order to set the record straight, it is ordered that the above mentioned order be set aside and held for naught.

We find it unnecessary to consider the other assignments of error.

Finding no reversible error the judgment of the trial court is affirmed.

MR. JUSTICE DAY and MR. JUSTICE McWILLIAMS concur.