No. 23137.

York Plumbing and Heating Co., a partnership *v.*
Groussman Investment Company and
Puritan Pie Company.
(443 P.2d 986)

Decided July 29, 1968.

WELLER, FRIEDRICH and HICKISCH, STERLING AMBLER, for plaintiff in error.

DAVID D. MULLIGAN, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE GROVES.

384

THE parties appear here in the same order as in the district court, and will be referred to as plaintiff and defendants. The matter is here on an agreed statement under R.C.P. Colo. 112(e). The only question presented is whether plaintiff is entitled to interest upon moneys payable to it by the defendants.

The parties entered into a contract dated November 29, 1961, under which plaintiff performed plumbing, heating, ventilating and process work on the defendants' premises. The amount payable under the contract was $83,260.59, of which the plaintiff was paid $74,108.55. The work was completed in April 1964 and, on April 14, 1964, plaintiff filed a lien for the balance of $9,152.04.

Prior to April 14, 1964, plaintiff breached its warranty with respect to some pumps and by reason thereof the defendants thought they were entitled to a setoff of $3,242.80, thereby reducing the unpaid balance to $5,909.24. On June 26, 1964, the defendants sent a check to plaintiff in the amount of $5,909.24. There was language on the back of the check which would have acknowledged payment in full and released the mechanic's lien had the plaintiff endorsed it. The plaintiff, however, refused to accept the check.

■■ The trial court properly found that the offer of the check was not an effectual tender. "The amount offered by the debtor to his creditor must be at least equal to the whole amount then due or accrued on the debt or obligation to constitute an effectual tender, and an offer of a part of the amount due does not avail as a tender." 52 Am. Jur. 229.

■ The trial court found that the correct amount of the setoff was $1,741.05, and as to this there is no issue here. The trial court further ruled that plaintiff's entire claim was unliquidated until the moment of judgment and that the plaintiff was not entitled to interest prior to judgment. This was error.

■■ "The right to interest, independent of an agreement to pay it, is statutory." *Weaver v. Bank,* 138

Colo. 83, 330 P.2d 142. The statute involved, C.R.S. 1963, 73-1-2, provides:

"Creditors shall be allowed to receive interest, when there is no agreement as to the rate thereof, at the rate of six per cent per annum, for all moneys after they become due, on any bill, bond, promissory note or other instrument of writing, * * * on money due on account from the date when the same became due * * *."

The amount of $9,152.04 payable to plaintiff under the contract was a liquidated amount and fell within the definitions contained in the statute. *Buerger Co. v. Salzer Co.,* 77 Colo. 401, 237 P. 162; *Wells v. Crawford,* 23 Colo. App. 103, 127 p. 914. The time that interest began to accrue was April 14, 1964, the date of filing of the mechanic's lien statement. *Rice v. Rhone,* 49 Colo. 41, 111 P. 585.

■ The claim for damages for breach of warranty by plaintiff in the amount of $1,741.05 was unliquidated and did not fall within the types of debts enumerated by the statute. Defendants are not entitled to interest on such sum. *Hendrie v. Commissioners,* 153 Colo. 432, 387 P.2d 266.

■■ Defendants argue that the unliquidated character of the claim for damages for breach of warranty makes the plaintiff's claim undetermined and unliquidated until final judgment. We do not agree. In *F. & C. C. R. Co. v. Tennant,* 32 Colo. 71, 75 P. 410, this court stated that, "Debtors cannot avoid the payment of interest by disputing the account, and when at the trial the account or any portion of it is established, the creditor is entitled to interest upon the amount found to be due." And in *Henrylyn Co. v. Meneray Co.,* 55 Colo. 438, 135 P. 980, the court again stated that, "Certainly a debtor cannot defeat the running of interest against him for the part of a debt which he admits that he owes, and which would otherwise draw interest, by simply making a claim of an unliquidated set-off against the whole debt."

Plaintiff has urged that under the authority of *Larrick, Inc. v. Burt Chevrolet*, 147 Colo. 133, 362 P.2d 1030, it is entitled to interest on the full amount of $9,152.04, rather than the net amount of $7,410.99 remaining after deduction of $1,741.05. At first blush *Larrick* appears to support this proposition. In that case a contractor had a liquidated claim against the owner for construction work and the owner had an unliquidated claim against the contractor for breach of warranty. The trial court allowed interest on the entire amount of the liquidated claim, and offset against that claim plus interest the amount of the unliquidated claim without interest thereon. The judgment was affirmed. On reading the briefs filed in that case we find that there was no issue presented to this court with respect to the amount upon which interest should accrue. The owner accepted as correct the ruling of the trial court as to interest; actually, the matter was neither before this court nor was it passed upon by it.

In the instant case the defendants have not argued the matter of the amount of interest, but simply have taken the position that the judgment of the trial court should be affirmed. However, we think the point justifies perusal and a ruling on our part.

██ ██ *Henrylyn Co. v. Meneray Co., supra,* indicated that interest should run against the difference between the liquidated claim and the small unliquidated claim. While the authorities are not uniform, we think the better rule permits the offset of an unliquidated claim against a liquidated claim before the computation of interest, at least in situations in which the two claims arise out of the same general transaction. "Where a claim under an agreement is certain and liquidated, but is reduced because of the allowance of an unliquidated off-set or counterclaim, interest may be allowed only on the balance due." *Deerhurst Estates v. Meadow Homes, Inc.*, 64 N.J. Super. 134, 165 A.2d 543 at 554, *on remand,* 71 N.J. Super. 255, 176 A.2d 555. *Willett v.*

*Schmeiser Mfg. Co.*, 82 Cal. App. 249, 255 P. 529, quotes with approval Waterman on Set-Off (2d Ed.), § 663, "The claim of the debtor not bearing interest, should be set off against that of the creditor drawing interest, as of the date of the time it became due and owing." See 47 C.J.S. 74, and 80 C.J.S. 116, 117.

The judgment of the trial court is reversed insofar as it relates to interest and the cause is remanded for the entry of judgment as of April 7, 1967, for interest at the rate of 6% per annum on the sum of $7,410.99 from April 14, 1964.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE MCWILLIAMS concur.