SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-13-1132

| | |
|---|---|
| SOUTHERN BUILDING SERVICES, INC. | Opinion Delivered September 3, 2014 |
| APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. CV-2010-478] |
| V. | |
| CITY OF FORT SMITH, ARKANSAS | HONORABLE J. MICHAEL FITZHUGH, JUDGE |
| APPELLEE | |
| | REVERSED AND REMANDED |

## BILL H. WALMSLEY, Judge

This dispute between appellant Southern Building Services, Inc., and the City of Fort Smith (the "City") returns to our court. *See S. Bldg. Servs., Inc. v. City of Fort Smith*, 2013 Ark. App. 306, 427 S.W.3d 763 (*Southern I*). The issues in this appeal are (1) determining the "prevailing party" for purposes of an award of attorney's fees and (2) entitlement to prejudgment interest. Southern argues that the circuit court erred in finding that the City was the prevailing party and awarding attorney's fees to the City. Southern also asserts that it is entitled to prejudgment interest on the funds owed to it by the City. We agree that Southern is the prevailing party and that it is entitled to prejudgment interest. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

The facts of this case are set out in detail in *Southern I.* Briefly, this case involves a dispute between Southern and the City over Southern's failure to complete a construction

project for the City. After the City terminated the contract for not timely completing the work, Southern filed suit for the remaining $183,701.22 that it claimed it was owed under the contract and for its attorney's fees. The City counterclaimed for liquidated damages and prejudgment interest it claimed under the contract.

After a bench trial, the circuit court awarded the City $134,250 in liquidated damages for Southern's failure to timely achieve substantial completion of the contract and 6% prejudgment interest. It also awarded the City $30,999, representing the City's costs to complete the project, and $51,262 in attorney's fees. The court denied the City's claim for liquidated damages based on Southern's failure to achieve final completion of the contract. There was no mention of Southern's claim for the $183,701. Southern appealed, and the City cross-appealed.

We affirmed the liquidated-damages award to the City because Southern did not achieve substantial completion; however, we found that the circuit court erred in awarding prejudgment interest from June 18, 2008. *Southern I*, at 8, 427 S.W.3d at 767–68. We also remanded to the circuit court to apply a set-off of $183,701, representing the sum due Southern against the $134,250 awarded to the City because the City admitted that it had possession of the funds that were due Southern since 2008. *Id*. We affirmed the cost-of-completion-damages award to the City. *Southern I*, at 9, 427 S.W.3d at 768. However, we vacated the award of attorney's fees, stating that the circuit court could redetermine who the prevailing party was on remand. *Southern I*, at 10, 427 S.W.3d at 768. On the City's cross-appeal, we held that the circuit court did not err in denying the City's claim for

liquidated damages for Southern's failure to achieve final completion of the contract work because the City failed to mitigate its damages. *Southern I*, at 10–11, 427 S.W.3d at 769. The City filed a petition for review in the supreme court, which was denied on September 12, 2013.

On remand, Southern filed a motion seeking attorney's fees and prejudgment interest. In its supporting brief, Southern asserted that it was the prevailing party on the basis that, after applying the set-off, it was still owed money. Southern cited *Marcum v. Wengert*, 344 Ark. 153, 40 S.W.3d 230 (2001), as its primary authority. Southern also sought prejudgment interest accrued on the $183,701.22 since 2008.

The City renewed its motion for attorney's fees and responded to Southern's motion for fees and prejudgment interest. In its motion and supporting brief, the City acknowledged that, after applying the set-off, Southern was entitled to $18,451.26. The City also sought its original attorney's fees of $51,262. The City argued that it had successfully reduced Southern's claim by 90%, from $183,701.22 to $18,451.26. Ultimately, the City claimed that it was the prevailing party and sought a judgment in the amount of $32,810.74, representing the City's recovery of liquidated damages, completion damages, and attorney's fees less Southern's set-off. The City's primary authority for its position was *CJ Building Corp. v. TRAC–10*, 368 Ark. 654, 249 S.W.3d 793 (2007).

The circuit court found that, after applying the set-off, Southern was due $18,451.26. The court then turned to the issue of identifying the prevailing party. The court found *CJ Building* directly on point and that, because the City had successfully reduced Southern's claim

SLIP OPINION

by 90%, it was the prevailing party. The City was awarded $51,262 in attorney's fees. This appeal followed.

On appeal, Southern argues two points: (1) the circuit court erred in finding that the City was the prevailing party and in awarding it attorney's fees; and (2) the court erred in failing to award prejudgment interest on the amounts owed by the City to Southern under the contract.

Arkansas Code Annotated section 16-22-308 (Repl. 1999),which allows a prevailing party to recover reasonable attorney's fees in a breach–of–contract action, provides in pertinent part as follows:

> In any civil action to recover [for] . . . breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

Our supreme court has said that a circuit court is not required to award attorney's fees and, because of the judge's intimate acquaintance with the trial proceedings and the quality of the service rendered by the prevailing party's counsel, the circuit judge has a superior perspective to determine whether to award fees. *Harrill & Sutter, P.L.L.C. v. Kosin*, 2012 Ark. 385, 424 S.W.3d 272. The decision to award attorney's fees and the amount to award is discretionary and will be reversed only if the appellant can demonstrate that the circuit court abused its considerable discretion. *Id.*

The first issue for us to determine is whether the circuit court abused its discretion in awarding attorney's fees to the City. As part of this determination, we must consider whether the circuit court erred in deciding that the City was the "prevailing party" in this lawsuit. In

both *CJ Building*, *supra*, and *Marcum*, *supra*, the supreme court held that to be the prevailing party under section 16-22-308, the litigant must be granted some relief on the merits of its claim. In *CJ Building*, the general contractor successfully argued that it was contractually entitled to deduct its expenses in completing the contract from the retainage, even though the end result was that the subcontractor received a judgment for the difference. In *Marcum*, both parties were somewhat successful because they each were awarded a money judgment on part of their claims, albeit not the full amount sought. We recently held that a circuit court erred in limiting its analysis to the outcome of the jury trial on damages instead of looking at the case as a whole. *Brackelsberg v. Heflin*, 2011 Ark. App. 678, 386 S.W.3d 636.

In applying these precedents to the present case, the circuit court erred in its analysis of determining the prevailing party. Contrary to the City's argument, the requested attorney's fees are not added to the damages computations to determine the prevailing party. The court's order shows only that it analyzed the fact that the City reduced Southern's claim by approximately 90%; however, the court did not discuss the results that each party had achieved. Unlike *CJ Building*, both parties in the present case sought money judgments against the other. Southern was seeking approximately $183,000, which the City ultimately agreed that it owed. The City, instead of merely defending against Southern's claim, sought a money judgment of its own against Southern for damages under the contract. In its amended counterclaim, the City claimed total liquidated damages of approximately $290,000 and cost-of-completion damages of $20,000, for a total of approximately $310,000. The City also asserted that, after deduction of the amount owed to Southern, it was entitled to a judgment

of approximately $127,000.[1] The City was ultimately awarded approximately $165,000 before Southern's set-off. When considered as a whole, Southern is the prevailing party because it was declared entitled to 100% of the amount it claimed in the litigation while the City was awarded only 53% of the amount it sought. When the sums awarded to each party are netted out, Southern is entitled to $18,451.26, and it is the prevailing party. *See Carroll v. UV Props., LLC*, 2009 Ark. App. 599. We reverse the attorney's fee award to the City and remand to the circuit court for it to exercise its discretion in reconsidering Southern's motion for attorney's fees under Ark. Code Ann. § 16-22-308.

This brings us to Southern's second point where it argues that the circuit court erred in not awarding prejudgment interest on the $183,000 sought under the contract. Although we did not specifically direct the circuit court to award prejudgment interest on Southern's $183,000, we did note that the City "has had the use and possession of $183,701.22 it admits was due [Southern] since 2008." *Southern I*, at 8, 427 S.W.3d at 767.

> Prejudgment interest is compensation for recoverable damages wrongfully withheld from the time of the loss until judgment. Prejudgment interest is allowable where the amount of damages is definitely ascertainable by mathematical computation, or if the evidence furnishes data that makes it possible to compute the amount without reliance on opinion or discretion. This standard is met if a method exists for fixing the exact value of a cause of action at the time of the occurrence of the event that gives rise to the cause of action. Where prejudgment interest may be collected at all, the injured party is always entitled to it as a matter of law.

*Reynolds Health Care Servs., Inc. v. HMNH, Inc.*, 364 Ark. 168, 180–81, 217 S.W.3d 797, 807 (2005) (citations omitted). An award of prejudgment interest is a question of law, to be

---

[1]The City also argued that it was entitled to retain the entire $183,000 as a retainage; however, we rejected this argument on appeal. *Southern I*, at 8 n.4, 427 S.W.3d at 767 n.4.

decided by the court. *Aceva Techs., LLC v. Tyson Foods, Inc.*, 2013 Ark. App. 495, 429 S.W.3d 355. We give no deference to conclusions of law, which are reviewed de novo. *Id.*

We must first consider the City's argument that the issue is not preserved for review because we did not direct the circuit court to address the issue on remand and the lower court did not do so in its judgment. Southern, in response, argues all that is required to preserve the issue is the court's failure to award prejudgment interest. Given the language in *Reynolds Health Care, supra*; *TB of Blytheville, Inc. v. Little Rock Sign & Emblem, Inc.*, 328 Ark. 688, 946 S.W.2d 930 (1997); and *Toney v. Haskins*, 7 Ark. App. 98, 644 S.W.2d 622 (1983), that prejudgment interest is *always* awarded when the test is met, the issue is preserved for review.

Because the present case involves collection of the amount due Southern before consideration of the July 2008 "Final Change" order, the determination of the amount of prejudgment interest is possible without reliance on opinion or discretion. The City argues that it did not agree to the sum in July 2008 and that it did not terminate the contract until the City's board of directors acted in March 2010. However, all that is required for an award of prejudgment interest is that "a method exists for fixing the exact value of a cause of action at the time of the occurrence of the event that gives rise to the cause of action." *Reynolds Health Care*, 364 Ark. at 180, 217 S.W.3d at 807. Moreover, there is no dispute that Southern did not do further work after the June 18, 2008 date found by the circuit court at the February 2012 trial. Therefore, the amount Southern was owed became fixed at that time despite the fact that the City was still assessing charges for the amounts it was owed under the contract. As noted above, when prejudgment interest may be collected at all, the injured party

7

SLIP OPINION

is always entitled to it as a matter of law. *Reynolds Health Care*, 364 Ark. at 181, 217 S.W.3d at 808. Otherwise, the purpose of awarding interest would be frustrated if a party were not compensated for the loss of use of all his money, both before and after judgment. *TB of Blytheville, supra.* The award of interest is necessary to fully compensate an injured party. *Id.* Thus, the circuit court erred in not awarding prejudgment interest to Southern.

There is one other point—the amount of prejudgment interest. Southern suggests that such an award should be calculated to determine different amounts of prejudgment interest on different sums that accrued between different dates as different amounts came due to the City. Southern is actually calling for application of a form of the "interest-on-the-balance" rule under which prejudgment interest would be awarded only on the net difference between its claim and the City's counterclaim. *See Ralston Purina Co. v. Parsons Feed & Farm Supply, Inc.*, 416 F.2d 207 (8th Cir. 1969).

Judge Harry Blackmun, writing for the *Ralston Purina* court, in a case arising in Arkansas, discussed four different situations involving prejudgment interest in which a liquidated claim was opposed by an unliquidated counterclaim:

> The 'interest on the balance' rule allows prejudgment interest only on the difference between the two claims from the date the unliquidated claim is due. The 'conversion of liquidated claim' rule regards the difference as itself an unliquidated amount on which prejudgment interest is not recoverable. The 'interest on the entire claim' rule entitles the plaintiff to interest on the full amount of his claim when the counterclaim does not directly concern the plaintiff's claim, that is, when the unliquidated counterclaim arises out of a collateral matter. This rule thus is an exception to the 'interest on the balance' rule. The fourth views the unliquidated 'counterclaim as a discount' and entitles the plaintiff to interest on his full claim before judgment.

*Ralston Purina*, 416 F.2d at 211–12  (citation omitted). The *Ralston Purina* court affirmed the

8

trial court's decision to apply the interest-on-the-balance rule rather than the interest-on-the-entire-claim rule as an equitable measure necessitated by the plaintiff's bad faith in refusing to recognize its obligations to the defendant. *Id.* at 213. In *Bone v. Refco, Inc.*, 774 F.2d 235 (8th Cir. 1985), the court noted that when, as in the present case, the liquidated-contract claim and the counterclaim are related, the interest-on-the-balance rule generally applies.[2] We believe that the reasoning behind such an approach is appropriate to the facts of this case.

Because Southern's complaint and the City's counterclaim arise out of the same contract, we remand to the circuit court to calculate the amount of prejudgment interest owed to Southern by applying the interest-on-the-balance rule.

---

[2]The prevailing law in other jurisdictions is that the off-set is applied prior to calculating prejudgment interest—*i.e.*, the interest is applied only to the balance of the awards—when the parties' claims are "related." *See Local Okla. Bank, N.A. v. United States*, 59 Fed. Cl. 713, 722 (2004) (applying the interest-on-balance rule to "claims aris[ing] out of related transactions"), *aff'd*, 452 F.3d 1371 (Fed. Cir. 2006); *Fairway Builders, Inc. v. Malouf Towers Rental Co.*, 603 P.2d 513, 537 (Ariz. App. 1979) (stating that the interest-on-balance rule applies when "the unliquidated counterclaim offsets are attributable to the same contracts which are the basis of the primary liquidated claims"); *Hansen v. Covell*, 24 P.2d 772, 776 (Cal. 1933) (applying the interest-on-balance rule where the counterclaim is "of a character such as to constitute payment to the [plaintiff]"); *York Plumbing & Heating Co. v. Groussman Inv. Co.*, 443 P.2d 986, 988 (Colo. 1968) (stating that the interest-on-balance rule applies "in situations in which the two claims arise out of the same general transaction"); *Harmon Cable Commc'ns of Neb. Ltd. P'ship v. Scope Cable Television, Inc.*, 468 N.W.2d 350, 371 (Neb. 1991) (agreeing that the interest-on-balance rule should be applied where "the claims arose from the same transaction"); *Mall Tool Co. v. Far W. Equip. Co.*, 273 P.2d 652, 663 (Wash. 1954) (stating that the interest-on-balance rule is applicable "when the amount to which a defendant is entitled as a counterclaim or setoff is for defective workmanship or other defective performance by the plaintiff, of the contract on which his liquidated or determinable claim is based, of a character such that the award of damages as compensation is regarded as constituting either a reduction of the amount due the plaintiff or a payment to him"); *Hollon v. McComb*, 636 P.2d 513, 517 (Wyo. 1981) (stating that the interest-on-balance rule should be applied "at least in those cases where the claims arise out of the same general transaction").



Reversed and remanded for further proceedings consistent with this opinion.

GLOVER and VAUGHT, JJ., agree.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Marshall S. Ney* and *Holly M. Lar*, for appellant.

*Daily & Woods, PLLC*, by: *Jerry L. Canfield* and *Douglas M. Carson*, for appellee.