Cite as 2026 Ark. App. 216

# ARKANSAS COURT OF APPEALS
## DIVISION III
No. CV-25-305

| | |
|---|---|
| MOTION INDUSTRIES, INC.<br>APPELLANT<br><br>V.<br><br>ROBERT GILBERT INDIVIDUALLY AND DOING BUSINESS AS ASHDOWN MACHINE & SUPPLY<br>APPELLEE | Opinion Delivered April 8, 2026<br><br>APPEAL FROM THE LITTLE RIVER COUNTY CIRCUIT COURT<br>[NO. 41CV-24-74]<br><br>HONORABLE BRYAN CHESSHIR, JUDGE<br><br>REVERSED AND REMANDED |

**RAYMOND R. ABRAMSON, Judge**

Motion Industries, Inc. (Motion), appeals the judgment entered against Robert Gilbert, individually and doing business as Ashdown Machine & Supply (Gilbert) by the Little River County Circuit Court. On appeal, Motion argues that the circuit court erred by refusing to award (1) prejudgment interest and (2) double damages for a returned check pursuant to Arkansas Code Annotated section 4-60-103(b)(1)(A) (Repl. 2023). We agree and reverse and remand.

Motion is an industrial supply distributor that sells maintenance and repair parts. On June 26, 2024, Motion filed a complaint against Gilbert alleging that on August 17, 2020, Gilbert executed an application for credit with Motion and purchased goods between August 2020 and February 2023. Gilbert owed $24,795.73 for the purchase of goods plus

$35,721.91 for a check that was returned for insufficient funds. Motion further claimed that it mailed Gilbert a demand for the balance of the returned check, but Gilbert did not pay the restitution. Motion set forth claims for issuance of a check without sufficient funds pursuant to Arkansas Code Annotated section 4-60-103(a), civil action for felony conduct under Arkansas Code Annotated section 16-118-107(a)(1) (Repl. 2016), breach of contract, open account, and account stated. In the prayer for relief, Motion requested double the sum of the returned check as provided in Arkansas Code Annotated section 4-60-103(b)(1)(A) and for prejudgment interest at the rate of 17 percent per annum from September 21, 2022, to the date of the judgment.

On August 7, Motion moved for a default judgment, alleging that it had served Gilbert on July 5, the statutory length of time for a response had elapsed, and Gilbert had not answered the complaint.

On September 17, the court held a hearing. At the hearing, the court stated that it would grant the default judgment, but it declined to award prejudgment interest or double damages for the returned check. On November 5, Motion asked the court to reconsider its ruling concerning double damages and prejudgment interest.

On January 31, 2025, the court entered a final judgment, and it denied Motion's motion for reconsideration. The court found that Motion had complied with the requirements of Arkansas Code Annotated section 4-60-103 but that the statute's double-damages provision is "directory but not mandatory," and "an award of $35,721.91 doubled to $71,443.82 is excessive." The court also denied Motion's request for prejudgment interest

2

because prejudgment interest "should only be awarded when the parties have a contract and the action relates to breach of contract." The court entered judgment for $60,517.64 to satisfy the open account, a double-damages award of $500 for the returned check under section 4-60-103(b)(1)(A), a collection charge of $30 under section 4-60-103(b)(1)(B), a $35 bank fee for the returned check under section 4-60-103(b)(1)(A), costs, attorney's fees of $500, and postjudgment interest. On February 27, Motion appealed the judgment to this court.

On appeal, Motion first argues that the circuit court erred by refusing to award prejudgment interest because the damages in this case are ascertainable by mathematical computation.

Prejudgment interest is compensation for recoverable damages wrongfully withheld from the time of loss until judgment. *Conway Com. Warehousing, LLC v. FedEx Freight E., Inc.*, 2011 Ark. App. 51, 381 S.W.3d 94; *Bonds v. Hunt*, 2010 Ark. App. 415, 379 S.W.3d 57. The supreme court has stated that prejudgment interest is not dependent on whether the action is in contract or tort. *Woodline Motor Freight, Inc. v. Troutman Oil Co.*, 327 Ark. 448, 938 S.W.2d 565 (1997). It is allowable where the amount of damages is definitely ascertainable by mathematical computation or if the evidence furnishes data that makes it possible to compute the amount of damages without reliance on opinion or discretion. *Conway Com. Warehousing*, 2011 Ark. App. 51, 381 S.W.3d 94. If a method exists for fixing the exact value of a cause of action at the time of the occurrence of the event that gave rise to the cause of action, prejudgment interest should be awarded. *Id.* Where prejudgment interest may be

collected under the above rules, a party is entitled to it as a matter of law. *Travis Lumber Co. v. Deichman*, 2009 Ark. 299, 319 S.W.3d 239; *S. Bldg. Servs., Inc. v. City of Fort Smith*, 2014 Ark. App. 437, 440 S.W.3d 346.

In this case, the circuit court erroneously concluded that awarding prejudgment interest would depend on the type of claim. The relevant inquiry is whether the amount is subject to mathematical computation without reliance on opinion and is capable of an exact determination. Here, the amount Gilbert owed to Motion is reflected in the records attached to its complaint. Accordingly, the circuit court erred by not awarding Motion prejudgment interest. The circuit court is instructed to award appropriate prejudgment interest pursuant to Arkansas Code Annotated section 16-65-114(a) (Supp. 2025).[1]

Motion next argues that the circuit court erred by refusing to award double damages for the returned check pursuant to Arkansas Code Annotated section 4-60-103(b)(1)(A). It

---

[1]Arkansas Code Annotated section 16-65-114(a) provides as follows:

(a)(1) Except as provided in subdivision (a)(2) of this section, a judgment entered by a court shall bear post-judgment interest and, if appropriate under the facts of the case, prejudgment interest:

(A) In an action on a contract at the rate provided by the contract or at a rate equal to the Federal Reserve primary credit rate in effect on the date on which the judgment is entered plus two percent (2%), whichever is greater; and

(B) In any other action at a rate equal to the Federal Reserve primary credit rate in effect on the date on which the judgment is entered plus two percent (2%).

(2) Interest on a judgment shall not exceed the maximum rate permitted under Arkansas Constitution, Amendment 89.

points out that the circuit court found that it complied with the statute in demanding Gilbert pay restitution for the returned check, and it argues that the court erroneously interpreted the double-damages provision as "directory but not mandatory."

We review issues of statutory interpretation de novo because it is for this court to determine the meaning of a statute. *Ark. Dep't of Fin. & Admin. v. Trotter Ford, Inc.*, 2024 Ark. 31, 685 S.W.3d 889. The cardinal rule of statutory construction is to construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* When the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no need to resort to rules of statutory interpretation. *Id.* In other words, when the language of the statute is not ambiguous, the analysis need not go further, and we will not search for legislative intent; rather, the intent is gathered from the plain meaning of the language used. *Id.* When dealing with a penal statute, this court strictly construes the statute in favor of the party sought to be penalized. *Meadow Lake Farms, Inc. v. Cooper*, 360 Ark. 164, 200 S.W.3d 399 (2004).

Arkansas Code Annotated section 4-60-103 requires the issuer of a check to make restitution for the dishonored check if the check was written on an account with insufficient funds. Subsection 103(b) provides as follows:

> (b)(1) A person who fails to make restitution as set forth in subsection (a) of this section and who fails to pay the amount of the check and a collection fee not to exceed thirty dollars ($30.00), plus the amount of any fees charged to the holder of the check by a financial institution as a result of the check's not being honored, within thirty (30) days following the date of a written demand mailed to the drawer by certified mail, return receipt requested, to the address shown on the check or his or her last known address is liable to the holder of the check or his or her agent for:

5

(A) Twice the amount of the check, but in no case less than fifty dollars ($50.00); and

(B) A collection fee not to exceed thirty dollars ($30.00), plus the amount of any fees charged to the holder of the check by any financial institution as a result of the check's not being honored.

(2) The prevailing party may recover court costs and reasonable attorney's fees after suit has been filed.

The statute is plain and unambiguous that a person who fails to make restitution for a returned check for insufficient funds is liable for twice the amount of the check. The language is not permissive, and it includes a minimum, not a maximum. Thus, in this case, the circuit court erred by refusing to impose the double-damages award.

Accordingly, for the reasons set forth above, we reverse and remand for the circuit court to enter a judgment consistent with this opinion. On remand, the circuit court should be mindful of the law on double recovery and the law on prejudgment interest.

Reversed and remanded.

HIXSON and MURPHY, JJ., agree.

*The Key Firm, PLLC*, by; *Zachary A. Hill*, for appellant.

One brief only.