WOODLINE MOTOR FREIGHT, INC. *v.* TROUTMAN OIL COMPANY, INC. and Jerry Crosland, d/b/a Jerry's One Stop

96-1084                                                938 S.W.2d 565

Supreme Court of Arkansas
Opinion delivered March 3, 1997

*Friday, Eldredge & Clark*, by: *James C. Baker, Jr.*, for appellant.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, by: *Scott M. Strauss* and *G. Spence Frike*, and *Cook, Whitaker & Associates*, by: *Larry Cook*, for appellee Troutman Oil Co., Inc.

*Ramsay, Bridgforth, Harrelson & Starling*, by: *Phillip A. Raley*, for appellee Jerry Crosland.

W.H."DUB" ARNOLD, Chief Justice. The sole issue presented in this negligence case is whether the trial court erred in awarding prejudgment interest on the property damages awarded to appellees Troutman Oil Company, Inc., and Jerry Crosland, d/b/a Jerry's One Stop. The resolution of this issue requires us to examine and clarify the law on prejudgment interest in Arkansas.

After a thorough review of the history of our jurisprudence on this subject, we hold that the trial court erred in awarding pre-judgment interest where the appellees' claims were neither liquidated nor ascertainable by fixed standards. Accordingly, we reverse and remand.

The facts in this case are undisputed. On March 11, 1992, Lattermore Belcher was driving his automobile near the intersection of Seventh and Cypress Streets in North Little Rock when he collided with a tractor-trailer driven by William Moore, an employee of appellant Woodline Motor Freight, Inc. Due to the impact of the collision, Moore lost control of his rig and crashed into a convenience store and gas station owned by Troutman Oil and leased by Crosland. The building and its contents were destroyed. Troutman and Crosland sued Belcher and Woodline for negligence. Troutman claimed $202,000.00 in property damage and $175,500.00 in lost profits, while Crosland claimed $31,426.05 in property damage and $150,000.00 in lost profits. At trial, Belcher was found to be 80 percent at fault and Woodline 20 percent at fault. The jury returned a special verdict awarding Troutman $100,000.00 for property damage and $15,000.00 for lost profits, and Crosland $31,426.05 for property damage and $24,000.00 for lost profits.

Following a hearing on the issue of prejudgment interest, the trial court entered judgment February 20, 1996, awarding prejudgment interest on the property damage at the rate of six percent per annum. As a result, Troutman was awarded an additional $23,000.00, and Crosland an additional $7,232.30. On appeal, Woodline argues that the prejudgment interest should not have been allowed because (1) the underlying case is a tort case; (2) the amount of damages was not immediately ascertainable at the time of loss; and (3) the award constitutes a double recovery.

We cannot deny that the issue of prejudgment interest has been a confusing area in our jurisprudence. *See Red Lobster Inns, Etc. v. Lawyer Title Ins.*, 656 F.2d 381 (8th Cir. 1981). Indeed, like other courts, we have struggled with this subject over the years. In our very early cases, we followed the rule that, if the damaged or destroyed property had a market value, or other defi-

nite standards of determining the value, at the time of loss, damage or destruction, prejudgment interest was allowable. *Crow v. State*, 23 Ark. 684 (1861); *Kelly v. McDonald*, 39 Ark. 387 (1882); and *St. Louis I.M. & S. Ry. v. Biggs*, 50 Ark. 169, 6 S.W. 724 (1887).

In 1961, we announced the rule that prejudgment interest was not allowable in tort actions. *See Southern Farm Bureau Cas. Ins. Co. v. Hardin*, 233 Ark. 1011, 351 S.W.2d 158 (1961). We followed that rule in *Members Mutual Ins. Co. v. Blissett*, 254 Ark. 211, 492 S.W.2d 429 (1973). Both *Hardin* and *Blissett* involved personal injury and property damage claims arising from automobile accidents. However, in 1979, we returned to the former rule, allowing prejudgment interest for damage to "knee-high" soybeans totally destroyed by heavy rains within a 48-hour period. *See Dickinson Construction Co. Inc. v. Dozier*, 266 Ark. 345, 584 S.W.2d 36 (1979). The damage in *Dozier* resulted from the defendants having wrongfully dammed a drainage ditch.

In *Lovell v. Marianna Federal Savings and Loan Ass'n*, 267 Ark. 164, 589 S.W.2d 577, 578 (1979), we discussed the *Hardin, Blissett,* and *Dozier* cases, and determined that *Dozier* followed the more logical rule. We said that the test in prejudgment-interest cases is whether there is a method of determination of the value of the property at the time of the injury, and, if such method exists, prejudgment interest should be allowed. *Id.* at 166. We further explained that, if the damages are not by their nature capable of *exact determination*, both in time and amount, prejudgment interest is not an item of recovery. *Id.* at 167 (emphasis added). The issue in *Lovell* was whether prejudgment interest should have been awarded on three certificates of deposit. Though litigation was required to determine who owned the certificates, we held that, because the certificates had an exact value on the date that Marianna Federal refused to pay them over to Lovell, prejudgment interest should have been awarded.

■ Since *Lovell*, we have emphasized the requirement that damages be capable of exact determination both in time and amount. *See e.g. City of Fayetteville v. Stanberry*, 305 Ark. 210, 807 S.W.2d 26 (1991); *citing Hopper v. Denham*, 281 Ark. 84, 90, 661 S.W.2d 379 (1983) (prejudgment interest is allowed where "a

method exists for fixing an exact value on the cause of action at the time of the occurrence of the event which gives rise to the cause of action"); *Stein v. Lukas*, 308 Ark. 74, 823 S.W.2d 832 (1992)("prejudgment interest is not recoverable where damages are inexact and uncertain"). However, in *Wheeler Motor Co. v. Roth*, 315 Ark. 318, 867 S.W.2d 446 (1993), our most recent case on the subject, we referred back to the underlying cause of action as the basis to decide whether prejudgment interest should be awarded. In that case, Roth purchased a 1988 Volkswagen from Wheeler Motor Company. Wheeler Motor told Roth, prior to the sale, that the vehicle was new and only had a crack in the paint. Over a twenty-three month period, Roth experienced many mechanical problems with the car. There was evidence that, prior to Roth's purchase, the car had been damaged. Roth sued Wheeler Motor for deceit, and also revoked acceptance. A jury awarded Roth $8,000.00 in damages for rightful revocation, and $10,000 in punitive damages. Wheeler Motor appealed, and Roth cross-appealed the trial court's denial of prejudgment interest. In upholding the denial of prejudgment interest, we reasoned as follows:

> The trial judge denied prejudgment interest based upon a determination that the damages were inexact and uncertain at the time of the loss. Damages were not ascertainable until the jury rendered its special verdict awarding restitution and punitive damages. The judgment was clearly tort based. We recognize that if damages cannot be ascertained at the time of the loss, prejudgment interest should not be allowed. *City of Fayetteville v. Stanberry*, 305 Ark. 210, 807 S.W.2d 26 (1991).

> To award prejudgment interest and punitive damages would offend our historical reluctance to award prejudgment interest in tort cases because the damages were not ascertainable as to time and amount. *See e.g. Members Mut. Ins. Co. v. Blissett*, 254 Ark. 211, 492 S.W.2d 429 (1973); *Southern Farm Bureau Casualty Ins. Co. v. Hardin*, 233 Ark. 1011, 351 S.W.2d 153 (1961). We cannot say the trial court erred in denying prejudgment interest.

315 Ark. at 329. While it is true that few tort cases lend themselves to precise measures of damages, we must clarify the language in *Wheeler Motor*, as an award of prejudgment interest is not dependent on whether the action is in contract or tort. Prejudg-

ment interest was properly denied in *Wheeler Motor* due to the inexact and uncertain nature of Roth's damages, which were sustained over a two-year period.

■ After thorough consideration of our caselaw in this area, we are mindful of our language in *Lovell, Stanberry,* and *Stein* requiring damage to be capable of exact determination both in time and amount. We therefore embrace the general rule that prejudgment interest is not recoverable on claims that are neither liquidated as a dollar sum nor ascertainable by fixed standards. *See* 1 Dan B. Dobbs, *Dobbs Law of Remedies: Damages, Equity, Restitution* § 3.6(1), at 336 (2d ed. 1993). Prejudgment interest is allowable where the amount of damages is definitely ascertainable by mathematical computation, or if the evidence furnishes data that make it possible to compute the amount without reliance on opinion or discretion. *See* 47 C.J.S. *Interest and Usury* § 21 (1982).

Applying this test, the remaining question is whether prejudgment interest was properly allowed under the circumstances presented in this case. In answering this question, a review of the testimony at trial is instructive. Gerald Hodges, Sr. of Radford Equipment Company in Little Rock prepared a bid proposal for appellee Troutman to replace the service station and convenience store. The bid, totaling $203,128.00, included separate estimates to replace the building, the canopy over the gasoline pumps, the building mansard or fascia, the fuel equipment, and fuel work. It was Hodges's opinion that it would not have been cost effective to repair the old building, which measured 2,500 square feet. His bid was to replace the building with a very similar building, which would measure 2,400 square feet. During cross-examination, Hodges admitted that competitive bids could vary.

Jim Davenport, Chief Building Inspector for the city of North Little Rock, inspected the damage to the service station and convenience store. On direct examination, Davenport testified that he told Troutman that the building could not be repaired and that it would have to be torn down. However, on cross examination, he stated that he never told Troutman that he had to tear down the car wash. According to Davenport, he left it up to Troutman whether to repair the car wash and fuel island canopy.

However, Troutman testified that it was his understanding that the entire building would have to be torn down.

Woodline presented the testimony of Denver Fletcher of Crockett Adjustments, who retained the services of an engineer to determine what part of the building structure could be reutilized. Fletcher then met with a builder who prepared an estimate of the cost of the repairs, which amounted to $62,939.87.

In light of this testimony, it was impossible to compute the amount of Troutman's damages without reliance on opinion or discretion. There was conflicting testimony as to whether the building needed to be completely torn down, or whether part of the structure could have been repaired. Accordingly, the estimates to repair or replace Troutman's building varied substantially, indicating that, at the time of the loss, the amount due Troutman was neither liquidated as a dollar sum nor ascertainable by fixed standards. We must conclude therefore that the trial court erred in awarding prejudgment interest.

Turning to Crosland's damages, Crosland testified that he and another employee made an inventory list of the items destroyed, among which included equipment, furniture, cigarettes, beer and other merchandise. According to Crosland, he "placed a true market value, *to the best of his knowledge,* on every item listed." He testified that he consulted the State Health Department to determine whether the intact beer inside the beer cooler had to be destroyed. Crosland personally assigned a figure representing the cost to each item. In light of Crosland's reliance on subjective opinion as to value, we cannot agree that, at the time of the loss, the amount due him was liquidated as a dollar sum or ascertainable by fixed standards.

Based upon the foregoing, we hold that the trial court erred in awarding prejudgment interest on the property damages awarded to Troutman and Crosland. Accordingly, the judgment of the trial court is reversed and remanded.