David MITCHAM v. FIRST STATE BANK of CROSSETT, Arkansas, Blount, Inc., and TAC Equipment Company, Inc.

97-1541                                               970 S.W.2d 267

Supreme Court of Arkansas
Opinion delivered June 18, 1998

*Compton, Prewett, Thomas & Hickey, P.A.*, by: *Floyd M. Thomas, Jr.*, for appellant.

*Shackleford, Phillips, Wineland & Ratcliff, P.A.*, by: *Teresa Wineland*, for appellee Blount, Inc.

*Tim A. Womack, P.A.*, by: *Tim A. Womack*, for appellee TAC Equip. Co.

TOM GLAZE, Justice. This case presents a significant issue regarding prejudgment interest, and its application to a purchase contract which a jury found had been revoked by the purchaser. The appellant David Mitcham is the purchaser who revoked his acceptance of certain logging equipment that he had bought from TAC Equipment Company, Inc. After the jury made its revocation determination, the trial court denied Mitcham's additional request for prejudgment interest. Mitcham brings this appeal, asserting the trial court erred in denying him prejudgment interest.

The relevant facts leading to this litigation are undisputed. In August of 1993, Mitcham purchased a log loader, trailer, and delimber from TAC. The loader was manufactured by appellee Blount, Inc. The purchase price for the equipment was $115,000.00, and Mitcham financed his purchase by obtaining a loan from the First State Bank of Crossett.

After his purchase, Mitcham used the equipment and immediately experienced problems with the loader. TAC's mechanics were unsuccessful in their attempts to repair it. Sometime in June

1994, Mitcham informed the owners of TAC that he either wanted his money returned or he wanted to trade the loader for another one. However, the TAC owners offered Mitcham no further help. A representative of Blount did agree to have its mechanics fix the loader, but told Mitcham it would be the third week in July 1994, before their mechanics could do so. Mitcham agreed, stating that he "had put up with it this long, maybe I can make it three more weeks." Blount's mechanics never showed. On November 8, 1994, Mitcham parked the loader in the front yard of his father's house located alongside Highway 82 and hung a "lemon" sign on it.

After November 1994, Mitcham defaulted on his loan payments, and on February 14, 1996, the Bank filed suit to collect on its promissory note and security agreement. Mitcham filed an answer, and additionally filed a third-party complaint against TAC and Blount, alleging that the loader was defective and that TAC and Blount had violated the implied warranties of merchantability and fitness for a particular purpose. Mitcham further sought consequential damages, in lost profits, and also asked for the revocation of acceptance of the equipment and the full refund of the purchase price of the equipment. Prior to trial, on March 14, 1997, the Bank sold the logging equipment for $32,000.00 at public auction to Blount, the highest bidder.

On March 31, 1997, Mitcham's dispute with the Bank, TAC, and Blount went to trial, and the jury returned verdicts in Mitcham's favor against TAC and Blount, and in First State Bank's favor against Mitcham. Mitcham was awarded the loader's fair market value of $79,542.89, and $5,000.00 in lost profits. The Bank was awarded $79,542.85.[1] Because Mitcham was entitled to proceed against TAC and Blount on alternative theories of breach of contract and revocation of acceptance, the jury, on a special interrogatory, found Mitcham was entitled to revoke his accept-

---

[1] When the trial court later amended Mitcham's judgment against TAC and Blount, it ruled the Bank's judgment would be revisited so as to assure justice was done, and an increased amount was awarded it against Mitcham based on another loan Mitcham had with the Bank. This amended judgment is not at issue in this appeal, but is noted to reflect that all claims before the trial court were decided.

ance of the equipment. Accordingly, the trial court granted Mitcham's motion to amend his original judgment which allowed him to recover damages under his revocation-of-acceptance theory. Prior to the jury's findings and verdicts, the parties had already stipulated that, if the jury found Mitcham had justifiably revoked acceptance of the equipment, he would be entitled to judgment for the purchase price, $115,000.00, less the $32,000.00 amount Blount had paid the Bank when the Bank sold the equipment. Thus, the trial court amended the judgment and awarded Mitcham damages in the amount of $83,000.00, plus the $5,000.00 he had been granted in lost profits. TAC and Blount were found jointly and severally liable for the $88,000.00 amount, plus 10% postjudgment interest.

In addressing Mitcham's request for 6% prejudgment interest, the trial court expressly denied it, stating there was insufficient certainty as to the date of revocation and the amount of damages required "to meet the standards permitting prejudgment interest." On appeal, Mitcham argues the trial court erred in deciding there was no certainty in the amount of damages because such a ruling overlooked the parties' stipulation that, if judgment was entered on a revocation-of-acceptance theory, judgment would be in the amount of the $115,000.00 purchase price less the $32,000.00 realized from the sale of the logging equipment at the Bank's public auction. Mitcham submits that, once the jury found Mitcham was entitled to revocation, he then was entitled to the liquidated (and stipulated) amount of $83,000.00.

■ Mitcham is correct, at least to a point. From the evidence, the jury determined that Mitcham was entitled to revoke acceptance of the logging equipment, and that being so, a method for determination of the equipment's value existed, per the parties' stipulation, and prejudgment interest could be easily ascertained. *See Woodline Motor Freight, Inc. v. Troutman Oil Co.*, 327 Ark. 448, 938 S.W.2d 565 (1997). However, the time of Mitcham's loss or injury was never determined by the jury or stipulated by the parties, nor was the jury asked to make this determination. This is the point at which Mitcham's prejudgment argument fails. As we have held repeatedly, if the damages are not by their nature capable of *exact determination*, both in *time and*

*amount*, prejudgment interest is not an item of recovery. *Id.; Lovell v. Marianna Federal Savings and Loan Ass'n*, 267 Ark. 164, 589 S.W.2d 577 (1979). (Initial emphasis in original, latter emphasis added.)

Under Arkansas's Uniform Commercial Code, a revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. Ark. Code Ann. § 4-2-608 (Repl. 1991). Significant to the instant case, such revocation of acceptance is not effective until the buyer notifies the seller of it. *Id.* Here, as previously mentioned, while the parties requested the jury to find whether Mitcham was entitled to revocation, the jury was never asked to decide when the revocation and time of loss took effect.

Mitcham recognizes that he is entitled only to interest after he communicated to TAC and Blount his intent to revoke his acceptance of the equipment, but in doing so, he cannot point to an exact date — a burden that was his to prove. He rehashes the evidence, showing that TAC and Blount, sometime in June 1994, inspected Mitcham's loader and that Mitcham announced he wanted a refund or to trade the equipment. However, Mitcham had used the equipment for ten months and agreed to continue its use until Blount's mechanics would try to repair it. Mitcham waited until November 8, 1994, and when the mechanics never showed, he placed the equipment with a "lemon" sign on it in his father's yard alongside Highway 82. There is no evidence, however, that, on this November 8 date or afterwards, he gave TAC or Blount a notice of revocation. While Mitcham argues the November 8, 1994 date should be designated the exact time of his loss or injury, we believe the trial court was correct in ruling that Mitcham's actions prior to and after that date failed to reflect the type of certainty of notice a seller is warranted in order to invoke an award of prejudgment interest.

For the above reasons, we affirm.