Kristin MADDOX, Plaintiff,

v.

AMERICAN AIRLINES, INC., Defendant.

No. 4:00CV00135 HW.

United States District Court, E.D. Arkansas, Western Division.

Sept. 25, 2000.

Jimmy W. Evans, Andrew Piel, Hill Gilstrap, Arlington, TX, Thomas J. Morris, III, Morris & Powell, Ponca City, OK, Matthew H.P. Warner, Graves Warner, PLC, Little Rock, AR, Robert R. Bodoin, Bodoin & Burnside, Fort Worth, TX, for plaintiff.

John S. Cherry, Jr., G. Spence Fricke, Michael E. Hale, D. Keith Fortner, Barber, McCaskill, Jones & Hale, P.A., Little Rock, AR, Randal R. Craft, Jr., William C. Brown, III, Haight Gardner Holland & Knight, New York, NY, for defendant.

## ORDER

HENRY WOODS, District Judge.

Plaintiff Kristin Maddox ("Maddox") has filed a motion to amend the judgment. *See* Document 72. Defendant American Airlines, Inc., ("American") has also filed a motion to alter or amend the judgment. *See* Document 74. The Court has reviewed the motions and finds that they should be, and are, granted in part and denied in part.

It is undisputed that on August 28, 2000, the Court, on the basis of the jury's verdict, entered judgment for Maddox in the amount of $11,015,000.00. The judgment also contained the following provision: "This judgment shall bear interest thereon at the legal rate of 6.375% as provided by law until paid." See Document 74, Exhibit 1. The judgment did not contain an award of pre-judgment interest nor did it contain a credit to American in an amount equal to the special drawing rights ("SDR") payment made to Maddox pursuant to the terms of the Warsaw Convention.

Following the entry of judgment, Maddox filed her motion to amend. In the motion, she asked that the judgment be amended in the following respects:

(a) that, in accordance with Oklahoma law, prejudgment interest be added to her damage award; (b) that certain sums heretofore paid by [American] be deducted from her damage award; and, (c) that the Judgment bear post-judgment interest at the rate of 8.73% as provided by Oklahoma law, until paid.

*See* Document 72 at 1. American thereafter filed its motion to alter or amend the judgment. American, in its motion, asked that the judgment be amended to reflect the SDR payment made to Maddox. American specifically alleged the following in its motion:

At the hearing conducted immediately prior to the beginning of trial in this matter, the Court ruled from the bench that the Defendant would be given a credit against any Judgment in an amount equal to the special drawing rights (SDR) payment made to the Plaintiff pursuant to the terms of the Warsaw Convention Treaty.

The present Judgment ... does not reflect this SDR credit.

Documentation of the SDR credit in the amount of One Hundred Thirty Four Thousand Four Hundred Fifty Three Dollars ($134,453.00) was admitted into evidence as Plaintiff's Exhibit "126", without objection. However, consistent with the Court's ruling, this exhibit was not made available to the jury....

In light of this Court's ruling that the SDR payment would be credited against any Judgment rendered against the Defendant and the fact that the present Judgment does not reflect said credit, the Defendant moves the Court to alter or amend the Judgment to reflect a credit of $134,453.00.

*See* Document 74 at 1–2. American also submitted a response to the motion to amend filed by Maddox. Its response was two-fold. First, although American acknowledged that Oklahoma law provides for pre-judgment interest, the law is procedural and therefore not binding on the Court. Second, American took the position that the Court had applied the proper post-judgment interest rate, *i.e.*, the federal rate of post-judgment interest.

Turning to the matters addressed in the motions, the Court finds that two of the three matters are easily resolved. First, the Court previously determined, and the parties agree, that American is entitled to a credit for its SDR payment to Maddox in the amount of $134,453.00. American is also entitled to a credit equal to the interest on the SDR payment, that being, $4,051.93. The judgment will be so amended, specifically, the amount of the judgment will be reduced to $10,876,-495.07.[1] Maddox's motion to amend is

1. The amended amount of $10,876,495.07 is arrived at by subtracting $134,453.00 (the SDR payment) and 4,051.93 (the interest on the SDR payment) from $11,015,000.00.

granted in this one respect; American's motion to alter or amend is granted.

▮▮ Second, with respect to the rate of post-judgment interest, the Court will not apply the Oklahoma rate but will instead apply the federal rate. The prevailing view in the Eighth Circuit is that federal law—28 U.S.C.1961(a)—governs an award of post-judgment interest in a case arising out of federal court, even if federal court jurisdiction is based upon diversity of citizenship. *See Weitz Company, Inc. v. Mo–Kan Carpet, Inc.,* 723 F.2d 1382 (8th Cir.1983). Maddox's motion to amend is denied in this respect.

▮▮ The matter of pre-judgment interest is not as easily resolved. In considering the matter, the Court is guided by the United States Supreme Court decision in *Zicherman v. Korean Air Lines Co.,* 516 U.S. 217, 116 S.Ct. 629, 133 L.Ed.2d 596 (1996). It provides that in cases governed by the Warsaw Convention, the specification of what damages are legally cognizable is left to the domestic law applicable under the forum's choice-of-law rules as if the Warsaw Convention was inapplicable.

▮▮ Maddox, a resident of Oklahoma, commenced the case at bar in Arkansas pursuant to the provisions of the Warsaw Convention. Thus, Arkansas is the forum in this case. The Arkansas choice-of-law rules require the application of another state's law only if the relevant law would be characterized as substantive rather than procedural. *See Doan v. Consumer Testing labs., Inc.,* 2 F.Supp.2d 1209 (W.D.Ark.1998) (Waters, J.) [citing *Sentry Insurance Co. v. Stuart,* 246 Ark. 680, 439 S.W.2d 797 (1969) and *American Physicians Insurance Co. v. Hruska,* 244 Ark. 1176, 428 S.W.2d 622 (1968) ].

▮▮ The parties in the case at bar agreed that Oklahoma law would be applied. In accordance with that agreement, the Court gave the Oklahoma damage instruction requested by both parties. *See* Oklahoma Uniform Jury Instruction 4.1. It was clearly proper to do so because the instruction was part of the Oklahoma substantive law. Is the Oklahoma statute governing pre-judgment interest part of the Oklahoma substantive law or is it one of procedure? The Court finds that it is one of procedure and, for that reason, it will not be followed.

The measure of damage is typically treated as a substantive matter, *see* Robert A. Leflar, American Conflicts Law, section 126 (4th ed.1986), and there is support for the proposition that pre-judgment interest is an element of damage awarded to provide full compensation by converting time-of-demand damage into time-of-verdict damage, *see Simeone v. First Bank National Association,* 73 F.3d 184 (8th Cir. 1996). Oklahoma, however, does not so construe its pre-judgment interest statute. First, the Oklahoma Supreme Court construes the statute as a procedural matter and not a substantive matter. *See Fields v. Volkswagen of America, Inc.,* 555 P.2d 48 (Okla.1976); *Benson v. Blair,* 515 P.2d 1363 (Okla.1973). Second, the Oklahoma Supreme Court does not consider interest to be an element of damage in a personal injury action. *See Fleming v. Baptist General Convention of Oklahoma,* 742 P.2d 1087 (Okla.1987). In *Fleming,* the state Supreme Court provided the following:

Interest is not an element of damages in a personal injury action. [Citations omitted]. The fact that interest is not an element of damages under Oklahoma law is discoverable from the statutory scheme of 12 O.S.Supp.1979 [section] 727(2) in that that section specifies when a verdict for damages by reason of personal injuries is accepted by the trial court, the court shall then add interest in rendering judgment. Clearly then, the legislature did not specifically classi-

fy or imply that interest was an element of damages. [Citation omitted].

*See Id.,* 742 P.2d at 1096. Although the Court is not bound by the construction given the pre-judgment statute by the Oklahoma Supreme Court, *see Doan v. Consumer Testing Laboratories, Inc,* 2 F.Supp. 2d at 1213, the manner in which the statute is construed by the highest court of Oklahoma is entitled to considerable weight. It is also at least worth noting that pre-judgment interest would not be available in this instance had the case been tried in accordance with Arkansas law. *See Woodline Motor Freight v. Troutman Oil Company, Inc.,* 327 Ark. 448, 938 S.W.2d 565 (1997).[2] Because the Oklahoma pre-judgment interest statute is procedural, it will not be followed. Maddox's motion to amend is denied in this respect.

In summary, Maddox's motion to amend is granted in one respect; American's motion to alter or amend is granted. The judgment will be amended to reflect the SDR payment to Maddox and interest on the SDR payment, specifically, the amount of the judgment will be reduced to $10,-876,495.07. Maddox's motion to amend is denied in all other respects. The Court will apply the federal rate of post-judgment interest from August 28, 2000; the Court will not apply the Oklahoma pre-judgment interest statute.

---

**2.** In that case, the Arkansas Supreme Court noted that the award of pre-judgment interest is not dependent upon whether the action is in contract or in tort. "Prejudgment interest is allowable where the amount of damages is definitely ascertainable by mathematical computation, or if the evidence furnishes date that makes it possible to compute the amount without reliance on opinion or discretion." *See Id.* 938 S.W.2d at 568.