2012 Ark. App. 191

BAPTIST MEMORIAL HOSPITAL– FORREST CITY, INC.,
Appellant

v.

Paul NEBLETT, M.D., Appellee.

No. CA 11–817.

Court of Appeals of Arkansas.

Feb. 29, 2012.

Philip Hicky and Jessica Shirmacher Trail, Forrest City, for appellant.

Barry Michael Easley, Forrest City, for appellee.

CLIFF HOOFMAN, Judge.

Appellant Baptist Memorial Hospital–Forrest City (the hospital) sued appellee Dr. Paul Neblett for breach of contract, and the jury returned a verdict in its favor. The hospital now appeals from the trial court's denial of its motions for prejudgment interest and attorney's fees. We affirm the denial of prejudgment interest and reverse and remand on the issue of attorney's fees.

Pursuant to a promissory note and a "Physician Agreement" with the hospital, Dr. Neblett was advanced varying amounts of money on a monthly basis for a two-year period to assist him in establishing a full-time medical practice in Forrest City. At the end of the two-year period in November 2002, the hospital had loaned Dr. Neblett the sum of $494,309.93. The agreement gave Dr. Neblett two options for repayment. He could either repay the outstanding balance or, if he continued practicing full time in Forrest City, the debt would be forgiven at a rate of twenty-five percent of the total debt per full year of practice, beginning three months after the expiration of the two-year period.

The hospital filed suit against Dr. Neblett on January 14, 2004, alleging that he had ceased practicing medicine full time in Forrest City on or about January 2, 2003, and that he had breached his obligations under the physician agreement and promissory note by failing to repay $494,309.93 plus interest. The hospital also alleged that Dr. Neblett had breached his obligations under another promissory note by failing to repay $30,000.00 plus interest. Dr. Neblett admitted that he had received $494,309.93 from the hospital and that he had not repaid that sum. He denied that he had breached the agreement and denied that he was required to repay the promissory notes.

The hospital argued at trial that Dr. Neblett ceased practicing full time in Forrest City in January 2003 and that he did not earn any forgiveness of his debt. Dr. Neblett disputed the hospital's definition of "full time" and argued that, although he began seeing patients at a clinic in Memphis in January 2003, he continued to work full time in Forrest City. He claimed that because he had continued to work full time in Forrest City, he had earned significant credits toward his debt pursuant to the forgiveness terms of the physician agreement. In his defense, Dr. Neblett also argued to the jury that the hospital fraudulently induced him to enter into the physician agreement.

The jury found that the hospital was entitled to $69,047.52 in damages. The hospital filed a motion for prejudgment interest on the debt owed by Dr. Neblett, and both parties ⌊₃filed motions for attorney's fees. The trial court denied these requests, and the hospital filed a timely notice of appeal.

First, we address the trial court's denial of the hospital's motion for prejudgment interest. The trial court explained its decision in a letter opinion as follows:

The Court can find no rhyme or reason as to how the jury determined the amount awarded. The parties can only speculate as to how this amount was determined. This leaves in the Court's mind a serious inclination that the amount determined by the jury was the total amount they felt was due. The Court cannot ascertain the calculations, whether it included interest, whether it was for the note or physicians agreement, how the fact that the plaintiff moved before the end of the contract period affected the determination, the fact that the defendant alleged breach by the plaintiff, the failure to provide certain equipment, and a host of other arguments for and against each party. It is obvious that the jury refused to award the principal amount and reduced it considerably for reasons that can only be surmised.

The Court finds that there is not a readily ascertainable amount that could be determined until the matter was placed before a jury. Therefore, the Court finds that, consistent with the rulings of the Arkansas Supreme Court, that it would be error to assess prejudgment interest.

 Prejudgment interest is compensation for recoverable damages wrongfully withheld from the time of the loss until judgment. *Pro–Comp Mgmt., Inc. v. R.K. Enters., LLC,* 372 Ark. 190, 272 S.W.3d 91 (2008). Prejudgment interest is allowable where the amount of damages is definitely ascertainable by mathematical computation or if the evidence furnishes data that makes it possible to compute the amount without reliance on opinion or discretion. *Id.* This standard is met if a method exists for fixing the exact value of a cause of action at the time of the occurrence of the event that gives rise to the cause of action. *Id.* Where prejudgment interest may be

collected at all, the injured party is always entitled to it as a matter of law. *Id.* Nevertheless, prejudgment interest is always dependent upon the initial ⌐4measure of damages being determinable immediately after the loss and with reasonable certainty. *Id.*

The hospital argues that Dr. Neblett was in breach of the physician agreement on January 2, 2003, and that the amount of damages on this date was ascertainable and equaled $494,309.93. The hospital contends that the breach occurred on January 2, 2003, because Dr. Neblett admitted to seeing patients in Memphis on or before that date; thus, he had ceased practicing full time in Forrest City. The hospital claims that the amount of damages is ascertainable because Dr. Neblett admitted that he had received $494,309.93 from the hospital by November 7, 2002, and Dr. Neblett had not repaid any money or earned any forgiveness of his debt. The hospital claims that it is entitled to prejudgment interest from January 2, 2003, at the rate specified in the physician agreement and promissory notes, 9.5% per annum. The hospital argues that the fact that the jury awarded less than the amount sued for does not preclude prejudgment interest, and it acknowledges that the jury may have reduced the damages based on Dr. Neblett's defenses.

Dr. Neblett argues that the verdict amount bears no resemblance to any sum ever requested by the hospital and that the trial court was left to speculate on which promissory note the jury awarded its judgment, when interest began to run, and whether and when any forgiveness had been credited so as to reach the figure reflected in the verdict. He argues that the jury disregarded over ninety percent of the hospital's claims of his indebtedness, probably as the result of applying the for-giveness clauses in the two promissory notes.

■ The hospital is correct that prejudgment interest is not precluded where a lesser ⌐5amount was recovered than the sum sought. *See Advance Constr. Co., Inc. v. Dunn,* 263 Ark. 232, 563 S.W.2d 888 (1978). However, we hold that the amount of damages was not ascertainable at the time of the event that gave rise to the cause of action.

■ In *Mitcham v. First State Bank of Crossett,* 333 Ark. 598, 970 S.W.2d 267 (1998), our supreme court held that the appellant's argument for prejudgment interest failed because the time of his loss or injury was never determined by the jury or stipulated to by the parties. The court repeated the standard that if the damages are not by their nature capable of exact determination, both in *time and amount,* prejudgment interest is not an item of recovery. Here, Dr. Neblett contended that he continued to work full time in Forrest City well after January 2, 2003; thus, he claimed that he did not breach the contract on that date. The jury was not asked to specify the date of breach. If the jury reached the verdict amount by finding that some of Dr. Neblett's debt was forgiven, the jury would have had to believe that he continued to work full time and did not breach the contract on January 2, 2003. Although the hospital argues that January 2, 2003, should be designated as the exact time of its loss or injury, the parties' disagreement about what occurred after that date means the time of the loss is not capable of exact determination. Additionally, the disagreement about the time of the loss affects how much forgiveness of debt was earned, and in turn, the exact amount of damages. We affirm the trial court's denial of prejudgment interest because the time and amount of damages was not capable of exact determination.

We now address the trial court's denial of the hospital's motion for attorney's fees. The hospital contends that it is entitled to attorney's fees based on one of three theories: (1) the parties' agreement for attorney's fees; (2) Arkansas Code Annotated section 16–22–308 (Repl.1999); or (3) Arkansas Code Annotated section 4–56–101 (Repl.2011). The trial court stated in its letter opinion the following:

"A trial court is not required to award attorney's fees and, because of the trial judge's intimate acquaintance with the trial proceedings and the quality of service rendered by the prevailing party's counsel, we usually recognize the superior perspective of the trial judge in determining whether to award attorney's fees." *Jones v. Abraham*, 341 Ark. 66, 15 S.W.3d [310 (2000).]

The Court finds that both parties were partially successful. The plaintiff received far less tha[n] it sought and the defendant actually was found to owe some money. Both the parties claimed to have prevailed and both parties asked for attorney fees to be awarded.

The Court finds that neither party is entitled to an award of attorneys fees. Under the Jones case cited above, the court has discretion in considering the involvement of the attorneys, their service to their clients, and other matters. Both parties presented their positions in a professional and thorough manner and the jury reached a verdict in which either party could claim success. Therefore, each party will bear their own attorneys fees and costs.

In the "Judgment on Verdict" entered January 26, 2011, the court stated that the motions for attorney's fees were denied for the reasons in the letter opinion, and that "[s]pecifically, the Court cannot hold that the Plaintiff prevailed as the judgment was exceedingly less tha[n] the amount sought causing the Court to be of the opinion that it could not determine which party actually prevailed." A grant of attorney's fees is an issue within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Marcum v. Wengert*, 344 Ark. 153, 40 S.W.3d 230 (2001).

First, the hospital contends that it is entitled to attorney's fees based on an agreement between the parties reflected in the promissory notes. Both promissory notes Dr. Neblett admitted to signing contained the following language:

If this Note is placed in the hands of an attorney for collection, by suit or otherwise, or to protect the security for its payment or to enforce its collection, the undersigned will pay all costs of collection and litigation, together with reasonable attorney fees.

The supreme court has held that, where the parties entered into a written contract that specifically provides for the payment of attorney's fees incurred in the enforcement of the contract, the agreement is enforceable according to its terms, independent of the statutory authorization set forth in Arkansas Code Annotated section 16–22–308. *Marcum, supra* (citing *Griffin v. First Nat'l Bank*, 318 Ark. 848, 888 S.W.2d 306 (1994)). We have also held that a promissory note gave a party the right to collect a reasonable attorney's fee in connection with the enforcement of the note, independent of section 16–22–308. *Nef v. Ag Servs. of Am., Inc.*, 79 Ark.App. 100, 86 S.W.3d 4 (2002). The hospital's third theory of recovery, Arkansas Code Annotated section 4–56–101, authorizes an award of attorney's fees pursuant to a provision in a promissory note. *See Loewer v. Nat'l Bank of Ark.*, 311 Ark. 354, 844 S.W.2d 329 (1992); *First Nat'l Bank of Brinkley v. Nash*, 2 Ark.App. 135, 617 S.W.2d 24 (1981).

In *Marcum,* the lease agreement between the parties stated that in the event a suit was brought to enforce the lease, the prevailing party shall be entitled to a reasonable attorney's fee. The supreme court held that, in giving the words of the contract their plain meaning, the word "shall" in the lease agreement required a mandatory award of reasonable attorney's fees to the prevailing party and reversed and remanded for the trial judge to make such an award. Here, the promissory notes use the phrase "will pay," and the plain meaning of the term clearly requires a mandatory award of reasonable attorney's fees. Therefore, we reverse and remand for the trial court to award reasonable attorney's fees to the hospital. We find it unnecessary to address the hospital's alternative ground for attorney's fees under Arkansas Code Annotated section 16–22–308.

Affirmed in part; reversed and remanded in part.

HART and BROWN, JJ., agree.