SLIP OPINION

Cite as 2017 Ark. App. 149

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-16-287

| | |
|---|---|
| VICTOR WILLIAMS, M.D.<br>APPELLANT | **Opinion Delivered** March 8, 2017 |
| | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SECOND DIVISION |
| V. | [NO. 60CV-08-3104] |
| | HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE |
| BOBBY SHACKELFORD<br>APPELLEE | AFFIRMED IN PART; REVERSED IN PART |

## PHILLIP T. WHITEAKER, Judge

This is an appeal from a plaintiff's verdict in a medical-negligence case. The appellant, Dr. Victor Williams, challenges the sufficiency of the evidence supporting a Pulaski County jury's verdict in favor of the appellee, Bobby Shackelford. In addition, Dr. Williams assigns error to the award of prejudgment interest to Shackelford. We affirm the jury verdict; however, we reverse the award of prejudgment interest.

Shackelford was referred to Dr. Williams after a biopsy of a lesion in his colon indicated cancer. Dr. Williams ultimately performed an abdominal perineal resection (APR) on Shackelford, an operation that removed Shackelford's rectum. Pathology studies conducted after the surgery, however, revealed that the tumor in Shackelford's rectum was not cancerous. As a result of the surgery, Shackelford is required to wear a permanent colostomy.

SLIP OPINION

Shackelford filed a medical-malpractice suit against Dr. Williams, alleging negligence in both his failure to perform sufficient diagnostic testing procedures prior to surgery to determine the stage of the tumor and his failure to obtain informed consent.

A Pulaski County jury found that Dr. Williams was negligent and awarded Shackelford $1 million in damages on a general-verdict form. After the judgment was entered, Shackelford filed a motion seeking prejudgment interest and costs. The circuit court subsequently entered an order granting Shackelford's motion, finding that he was "entitled to prejudgment interest from the date of the surgery." On appeal, Dr. Williams challenges both the sufficiency of the evidence supporting the jury's verdict and the circuit court's granting of prejudgment interest.

## I. *Sufficiency of the Evidence*

In his first argument on appeal, Dr. Williams contends that the circuit court should have granted his motion for directed verdict at trial. Our standard of review of the denial of a motion for directed verdict is whether the jury's verdict is supported by substantial evidence. *Padilla v. Archer*, 2011 Ark. App. 746, at 5, 387 S.W.3d 267, 270 (citing *Medical Assurance Co., Inc. v. Castro*, 2009 Ark. 93, 302 S.W.3d 592). Substantial evidence is that which goes beyond suspicion or conjecture and is sufficient to compel a conclusion one way or the other. *Id.* We do not try issues of fact; rather, we simply review the record for substantial evidence to support the jury's verdict. *Id.* In determining whether there is substantial evidence, we view the evidence and all reasonable inferences arising therefrom in the light most favorable to the party on whose behalf judgment was entered. *Id.*

SLIP OPINION

Dr. Williams argues on appeal that there was a lack of evidence regarding both negligence and informed consent. We are unable to reach the merits of his argument, however, because he failed to sufficiently preserve the issue for appellate review. Arkansas Rule of Civil Procedure 50(a) (2016) provides in part that a "motion for a directed verdict shall state the specific grounds therefor." The purpose of this requirement is to ensure that the specific ground for a directed verdict is brought to the circuit court's attention. *Ouachita Wilderness Inst., Inc. v. Mergen*, 329 Ark. 405, 947 S.W.2d 780 (1997) (citing *Stacks v. Jones*, 323 Ark. 643, 916 S.W.2d 120 (1996)); *Wal-Mart Stores, Inc. v. Kilgore*, 85 Ark. App. 231, 148 S.W.3d 754 (2004). In order to preserve for appeal the issue of sufficiency of the evidence, the party moving for a directed verdict must state the specific ground upon which it seeks such relief. *Ouachita Wilderness*, *supra*. Failure to state the specific grounds for relief in a directed-verdict motion precludes this court's review of the issue on appeal. *Id*. With these standards in mind, we turn to the motions made by Dr. Williams at trial.

At the conclusion of Shackelford's case, Dr. Williams moved for directed verdict, stating as follows:

> Your Honor, at the conclusion of the plaintiff's proof, the defense would move for a directed verdict on all issues in the case, damage, proximate cause, and standard of care.
>
> I would also state for the record that we don't believe their expert has established familiarity with the local standard to be able to give testimony for that. I'm not exactly sure specifically on the issue of damages, what they're claiming, but if they're claiming any medical bills other than the monthly colostomy, colostomy bag and maintenance, and no evidence of present value and the future, I assume we'll talk more about this at jury instruction time, but I don't want to waive anything, any elements of damages.

After Dr. Williams's case-in-chief, he renewed his motion for directed verdict as follows:

> The defense has rested and the defendant would renew its motion for directed verdict at the conclusion of all of the evidence and incorporate by reference all previous statements and arguments made in reference to that motion. And I know we've already discussed some jury instructions, and the court has determined what damages are going to be submitted or not submitted, so I think we've modified the part of my earlier motion by that already. But I would incorporate my previous statements and state that there's no issue from which reasonable minds can differ on the issues presented in this case, and defendant would move for summary judgment [*sic*], with directed verdict as a matter of law based on the facts and the evidence presented.

Thus, it is clear that Dr. Williams's directed-verdict motion stated nothing more than that he "would move for a directed verdict on all issues in the case, damage, proximate cause, and standard of care." His motions mentioned proximate cause only generically and did not specifically mention negligence or informed consent at all.

In *Ouachita Wilderness*, *supra*, the defendant moved for directed verdict by stating that the "plaintiff has failed to establish a negligence case. The plaintiff has failed to establish that any possible negligence was a proximate cause of the plaintiff's damages. The evidence clearly establishes, as a matter of law, there was an intervening cause which caused the damages to plaintiff's vehicle." *Id*. at 413, 947 S.W.2d at 784. The supreme court declined to reach the arguments, however, holding that "[m]erely asserting that the plaintiff failed to establish a negligence case is not sufficient to apprise the trial court of the particular proof alleged to be missing." *Id*. at 414, 947 S.W.2d at 785. Likewise, in *Wal-Mart Stores, Inc.*, *supra*, Wal-Mart moved for directed verdict by stating that "the plaintiff hasn't made the cause of action in this case because he hasn't showed negligence and the negligence all falls on the plaintiff at all

opportunities to not take the medicine." *Wal-Mart Stores, Inc.*, 85 Ark. App. at 236, 148 S.W.3d at 754. This court held that Wal–Mart's failure, in its directed-verdict motion, "to specify in what respect the evidence was deficient caused the motion not to be specific enough to preserve the issue for appeal." *Id.*

In this appeal, Dr. Williams specifically argues that Shackelford failed to prove negligence. He argues that the evidence was insufficient to show that his failure to perform an endorectal ultrasound prior to performing the surgery on Shackelford was negligent. He also specifically argues that the evidence was insufficient to show that he failed to obtain informed consent from Shackelford prior to performing the surgery. We find that neither of these specific arguments was presented to the trial court. We therefore conclude that Dr. Williams failed to preserve his argument for appeal and affirm on this issue without reaching the merits.

## II. *Prejudgment Interest*

In his second argument on appeal, Dr. Williams argues that the award of prejudgment interest was erroneous. An award of prejudgment interest is a question of law to be decided by the court. *S. Bldg. Servs., Inc. v. City of Fort Smith*, 2014 Ark. App. 437, at 6–7, 440 S.W.3d 346, 350 (citing *Aceva Techs., LLC v. Tyson Foods, Inc.*, 2013 Ark. App. 495, 429 S.W.3d 355). We give no deference to conclusions of law, which are reviewed de novo. *Id.*

Prejudgment interest is compensation for recoverable damages wrongfully withheld from the time of the loss until judgment. *Baptist Mem'l Hosp.–Forrest City, Inc. v. Neblett*, 2012 Ark. App. 191, at 3, 393 S.W.3d 573, 575. In *Woodline Motor Freight, Inc. v. Troutman Oil Co.*,

SLIP OPINION

327 Ark. 448, 938 S.W.2d 565 (1997), the supreme court "embrace[d] the general rule that prejudgment interest is not recoverable on claims that are neither liquidated as a dollar sum nor ascertainable by fixed standards. Prejudgment interest is allowable where the amount of damages is definitely ascertainable by mathematical computation, or if the evidence furnishes data that make it possible to compute the amount without reliance on opinion or discretion." *Id*. at 453, 938 S.W.2d at 568 (internal citations omitted).[1] This standard is met if a method exists for fixing the exact value of a cause of action at the time of the occurrence of the event that gives rise to the cause of action. *Baptist Mem'l Hosp.*, 2012 Ark. App. 191, at 3, 393 S.W.3d at 575. Where prejudgment interest may be collected at all, the injured party is always entitled to it as a matter of law. *Id*., 393 S.W.3d at 575–76. Nevertheless, prejudgment interest is always dependent upon the initial measure of damages being determinable immediately after the loss and with reasonable certainty. *Id*., 393 S.W.3d at 576.

On appeal, Dr. Williams argues that the circuit court erred in awarding prejudgment interest. The crux of his argument is that the jury in this case rendered a general verdict on damages, and the verdict did not itemize how much was awarded for medical expenses, for pain and suffering, or for any other element of damages. Because it was a general verdict, he contends, there was no liquidated amount on which to base an award of prejudgment interest.

---

[1] The supreme court clarified that it was not holding that prejudgment interest was never allowable in tort claims, noting that "an award of prejudgment interest is not dependent on whether the action is in contract or tort." *Woodline Motor Freight*, 327 Ark. at 452, 938 S.W.2d at 568. It cautioned, however, that when a plaintiff's damages are "neither liquidated as a dollar sum nor ascertainable by fixed standards," a circuit court will err in awarding the plaintiff prejudgment interest. *Id*. at 454, 938 S.W.2d at 569.

We find merit in this argument. With respect to Dr. Williams's complaints about the general nature of the verdict, we note that in *East Texas Motor Freight Lines, Inc. v. Freeman*, 289 Ark. 539, 549, 713 S.W.2d 456, 462 (1986), the supreme court stated that it was "unwilling to establish a precedent for allowing prejudgment interest where only a general verdict is returned which includes an award for personal injuries." We are equally reluctant to allow prejudgment interest in this case.

Here, the jury was instructed as to the elements of damages for which Shackelford could recover. They included the nature, extent, and permanency of any injury; the reasonable expenses of any necessary medical care, treatment and services received and the present value of such expense reasonably certain to be required in the future; any pain and suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future; and any scars, disfigurement, and visible results of his injury. The general verdict, however, did not assign a precise computation or specific dollar value to any of these elements of damage. It is therefore simply not "possible to compute the amount without reliance on opinion or discretion" for any of them. *See Baptist Mem'l Hosp.*, *supra*.

Moreover, there was no way to ascertain Shackelford's damages at the time of loss. While some damages, such as Shackelford's actual medical expenses, could have been calculated as of the date of his surgery, other damages, such as pain and suffering and disfigurement, could not be quantified at the time of the loss; the dollar value of those damages depended on the jury's assessment of his injuries and suffering. Because damages must be capable of exact determination as to the time of accrual and the amount, *see Ciba-Geigy*

*Corp. v. Alter*, 309 Ark. 426, 450, 834 S.W.2d 136, 148 (1992), and here, they were not, prejudgment interest should not have been awarded. We therefore reverse on this point.

Affirmed in part; reversed in part.

VAUGHT and MURPHY, JJ., agree.

*Reece Moore McNeill Pendergraft*, by: *Paul D. McNeill*, for appellant.

*Sutter & Gillham, PLLC*, by: *Luther Oneal Sutter*; and *Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellee.